******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

HIGH WATCH RECOVERY CENTER, INC. *v.*
DEPARTMENT OF PUBLIC
HEALTH ET AL.
(AC 43546)

Bright, C. J., and Moll and Harper, Js.

*Syllabus*

The plaintiff, a substance abuse treatment facility in Kent, appealed from
the judgment of the trial court dismissing its administrative appeal from
the final decision of the defendant Department of Public Health approv-
ing the application of the defendant B Co. for a certificate of need to
establish a substance abuse treatment facility in Kent. B Co. submitted
its application to the Office of Health Care Access pursuant to statute
((Rev. to 2017) § 19a-638 (a) (1)). The OHCA sent a notice to B Co.
stating that it would hold a hearing and that the notice was issued
pursuant to a statute ((Rev. to 2017) § 19a-639a (f) (2)), which provides
that the OHCA "may" hold a public hearing with respect to any certificate
of need application. The plaintiff filed a notice of appearance with the
OHCA and submitted a letter requesting to be designated as an intervenor
with full rights to participate in the proceeding. The OHCA granted the
plaintiff's request and held a hearing on the application. B Co. and the
department entered into an agreement in which B Co.'s application was
approved subject to specific conditions, which constituted the final
order. The plaintiff appealed to the Superior Court, claiming that the
department abused its discretion when it approved B Co.'s application.
The defendants filed motions to dismiss on the grounds that there was
a lack of a final decision in a contested case and that the plaintiff was
not aggrieved by the department's decision. The trial court granted the
defendants' motions to dismiss on the ground that there was no final
decision in a contested case from which the plaintiff could appeal, and
concluded, therefore, that it did not have subject matter jurisdiction to
consider the plaintiff's appeal. *Held*:

1. The trial court did not err in granting the defendants' motions to dismiss:
nothing in the other subsections of § 19a-639a indicates that the legisla-
ture intended for the word "may" in § 19a-639a (f) (2) to be interpreted
in any other way except as to confer discretion, and, thus, a hearing
was not statutorily required on B Co.'s application; thus, the mere oppor-
tunity for a hearing, coupled with the holding of a hearing, in the absence
of a specific statute or regulation under which the hearing was required
to be held, was insufficient to constitute a contested case; moreover,
the plaintiff's argument that a mandatory hearing was held because a
hearing officer stated at the beginning of the hearing that the proceeding
was being conducted as a contested case failed because the hearing
officer could not have converted the proceeding into a contested case
by her words alone, especially when the notice plainly stated that it
was being issued pursuant to § 19a-639a (f) (2), and, because that statute
does not mandate a hearing, the requirements for a contested case were
not met under the applicable provision (§ 4-166 (4)) of the Uniform
Administrative Procedure Act, and, therefore, there was no final decision
from which the plaintiff could have appealed.

2. The plaintiff could not prevail on its claim that the trial court erred in
concluding that a letter written by the plaintiff to the OHCA requesting
to intervene was insufficient to constitute a request for a public hearing
pursuant to statute ((Rev. to 2017) § 19a-639a (e)): although § 19a-639a
(e) does not explicitly delineate what the content of the written request
for a hearing must include, the plain language of that statute requires
that a request be made, in writing, that a public hearing be held on the
certificate of need application, and the plaintiff's letter did not make
such a request; instead, the plaintiff requested only to intervene and to
participate with full rights in the scheduled hearing; moreover, even if
the plaintiff's letter could have been construed as a request for a hearing,
the requirements of § 19a-639e (e) still would not have been met because,
although the plaintiff argued that its letter should be liberally construed,

there was nothing in the letter from which this court could infer that the plaintiff met the numerical requirements of § 19a-639a (e).

Argued May 12—officially released September 14, 2021

*Procedural History*

Appeal by the plaintiff from the decision of the named defendant approving the application of the defendant Birch Hill Recovery Center, LLC, for a certificate of need to establish a substance abuse treatment facility, brought to the Superior Court in the judicial district of New Britain, where the court, *Cohn, J.*, granted the defendants' motions to dismiss and rendered judgment thereon, from which the plaintiff appealed to this court. *Affirmed.*

*Proloy K. Das*, with whom were *Paul E. Knag* and *Emily McDonough Souza*, for the appellant (plaintiff).

*Clare E. Kindall*, solicitor general, with whom were *Kerry Anne Colson*, assistant attorney general, and, on the brief, *William Tong*, attorney general, for the appellee (named defendant et al.).

*Jeffrey J. Mirman*, with whom, on the brief, was *Alexa T. Millinger*, for the appellee (defendant Birch Hill Recovery Center, LLC).

*Opinion*

HARPER, J. The plaintiff, High Watch Recovery Center, Inc., appeals from the judgment of the Superior Court dismissing its administrative appeal from the final decision of the defendant Department of Public Health (department) approving the application of the defendant Birch Hill Recovery Center, LLC (Birch Hill), for a certificate of need to establish a substance abuse treatment facility in Kent.[1] On appeal, the plaintiff claims that the court erred in (1) granting the defendants' motions to dismiss after concluding that it lacked subject matter jurisdiction to review the department's approval of Birch Hill's certificate of need application and (2) concluding that a letter written by the plaintiff to the Office of Health Care Access (OHCA) requesting to intervene in the matter concerning Birch Hill's application was insufficient to constitute a request for a public hearing for purposes of General Statutes (Rev. to 2017) § 19a-639a (e).[2] We disagree and, accordingly, affirm the judgment of the trial court.

The following facts and procedural history, as found by the court or as undisputed in the record, are relevant to this appeal. The plaintiff is a nonprofit substance abuse treatment facility located in Kent. Birch Hill is a Connecticut limited liability company that was formed in 2017. In an effort to establish a substance abuse treatment facility for the "care of substance abusive or dependent persons located in Kent," Birch Hill submitted a certificate of need application to the OHCA[3] on September 20, 2017, pursuant to General Statutes (Rev. to 2017) § 19a-638 (a) (1).[4] In a letter dated March 6, 2018, the OHCA sent a notice to Birch Hill regarding its application stating that, "[p]ursuant to . . . § 19a-639a (e),[5] [the] OHCA shall hold a hearing upon receiving a properly filed request from the requisite number of members of the public. This hearing notice is being issued pursuant to General Statutes [Rev. to 2017] § 19a-639a (f) (2) . . . ."[6] (Footnote added; internal quotation marks omitted.) The letter also included a copy of a notice that was to be published in the Waterbury Republican-American newspaper on March 8, 2018, which advised that "[a]ny person who wishe[d] to request status in the . . . public hearing may file a written petition no later than March 23, 2018 . . . pursuant to [§§ 19a-9-26 and 19a-9-27 of] the Regulations of Connecticut State Agencies . . . . If the request for status is granted, such person shall be designated as a [p]arty, an [i]ntervenor or an [i]nformal participant in the . . . proceeding."[7] Thereafter, on March 22, 2018, the plaintiff filed a notice of appearance with the OHCA and also submitted a letter requesting to be designated as an intervenor with full rights, including the right of cross-examination.[8] On March 23, 2018, the OHCA granted the plaintiff's request to intervene pursuant to General Statutes § 4-177a, which sets forth the proce-

dural requirements for conferring intervenor status in contested cases, and directed the plaintiff to submit its prefiled testimony by March 26, 2018.[9] On March 26, 2018, the plaintiff submitted the prefiled testimony of Jerry Schwab, the plaintiff's president and chief executive officer, and Gerald D. Shulman, a deputy editor of the third edition of a textbook published by the American Society of Addiction Medicine. See D. Mee-Lee et al., The ASAM Criteria: Treatment Criteria for Addictive, Substance-Related and Co-Occurring Conditions (3d Ed. 2013).

On March 28, 2018, the OHCA held a public hearing on Birch Hill's application, which was conducted by hearing officer Attorney Micheala Mitchell.[10] At the beginning of the hearing, Mitchell stated that the hearing was being held "pursuant to . . . [§ 19a-639a], and [would] be conducted as a contested case, in accordance with the provisions of chapter 54 of the Connecticut General Statutes," which contains the Uniform Administrative Procedure Act (UAPA), General Statutes § 4-166 et seq. The hearing was then continued until May 10, 2018, when the OHCA held a second public hearing on Birch Hill's application, which was conducted by hearing officer Attorney Kevin T. Hansted. On November 6, 2018, on the basis of the testimony and evidence presented, Hansted recommended in a proposed final decision that Birch Hill's application to establish a psychiatric outpatient clinic and facility in Kent be denied. Birch Hill thereafter filed a brief in opposition to the proposed final decision and requested oral argument. In March, 2019, after oral argument was conducted and briefs were filed, Birch Hill and the department entered into an agreement in which Birch Hill's application was approved subject to the specific conditions set forth in the agreement. The agreement constituted the final order.

The plaintiff then appealed from the department's final order to the Superior Court pursuant to General Statutes § 4-183, naming the department, Birch Hill, and the OHS as defendants.[11] The plaintiff claimed that the department had abused its discretion and authority when it approved Birch Hill's application. On June 17, 2019, the defendants filed motions to dismiss the plaintiff's complaint on the grounds that there was a lack of a final decision in a contested case, and the plaintiff was not aggrieved by the department's decision. In its motion to dismiss, Birch Hill argued that the plaintiff had not appealed from a final decision in a contested case. Specifically, Birch Hill relied on our Supreme Court's decision in *Middlebury* v. *Dept. of Environmental Protection*, 283 Conn. 156, 164–65, 172–81, 927 A.2d 793 (2007), in which the court articulated that, pursuant to § 4-166 (2)[12] of the UAPA, a contested case does not arise if an agency merely holds a gratuitous hearing and is not required by state statute or regulation to hold a hearing. The department and the OHS made

essentially the same argument as to the lack of an appealable final decision. As to the issue of aggrievement, Birch Hill argued that the plaintiff was not aggrieved because the basis of its aggrievement was that it would be impacted negatively by having Birch Hill as a competitor, and precedent from our Supreme Court has established that competition, without more, is insufficient to establish aggrievement. The department and the OHS argued that the plaintiff was not aggrieved because the plaintiff did not fall within the zone of interests covered by § 19a-638 (a).

In its opposition to the defendants' motions to dismiss, the plaintiff argued that Birch Hill's certificate of need proceeding constituted a contested case because it satisfied the three-pronged test articulated by our Supreme Court in *Herman* v. *Division of Special Revenue*, 193 Conn. 379, 382, 477 A.2d 119 (1984). The plaintiff argued that it met the contested case test under the applicable provisions of the UAPA because "there [was] a legal right or privilege at issue by virtue of Birch Hill having filed the [a]pplication . . . that legal right or privilege is statutorily required to be determined by the applicable state agency [pursuant to § 19a-639a (d)] . . . [and] [§] 19a-639a (e) provides an opportunity for a statutorily required hearing." In essence, the plaintiff argued that the court should consider all of the provisions under § 19a-639a to determine whether it had met the requirements of a contested case, not just § 19a-639a (f) (2). The plaintiff also claimed that, because the hearing was held as a contested case and the OHCA already had scheduled a hearing on the certificate of need application, the plaintiff's letter requesting intervenor status should be construed as meeting the requirements under § 19a-639a (e). As to aggrievement, the plaintiff asserted, inter alia, that it was aggrieved because it was in the zone of interest, as Birch Hill's proposed facility would have a "significant and detrimental impact not only on the statewide health care delivery system generally, but on [the plaintiff] specifically."

A hearing on the defendants' motions to dismiss was held on August 7, 2019. During that hearing, counsel for the department and the OHS asserted that the reason Mitchell conducted the certificate of need hearing as a contested case was "because [Mitchell] [did not] know if in two days [she was] going to [receive] a petition . . . [requesting a hearing]. And [Mitchell] wouldn't want to run a proceeding that's not compliant [on] the first day with [the department's] contested case rules [of procedure and] . . . have to start [the proceedings] over. . . . [I]t's [particularly] . . . appropriate, when [there is] something that allows a subsequent—a change from a gratuitous to a mandatory hearing. [So] [t]hat you comply with [the department's rules of procedure for contested cases]—you use contested case proceedings. . . . In addition, the contested case proceedings

meet due process, or exceed due process requirements. So the agency's making sure by merely . . . utilizing [the department's rules of procedure for contested cases]. . . . So . . . the fact that they utilize . . . the contested case manner of operating, doesn't convert it into a contested case. It's [particularly] . . . important to do so, because you don't know when something would change in these circumstances from a gratuitous to a mandatory hearing.''

The court considered only the defendants' first ground for dismissal, namely, that there was no final decision in a contested case from which the plaintiff could appeal, and granted the defendants' motions to dismiss. In so ruling, the court expressly rejected the plaintiff's argument that, so long as the provisions of § 19a-639a, in general, provided an opportunity for a hearing, the contested case requirement was met. Moreover, the court reasoned that the hearing was held pursuant to § 19a-639a (f) (2), as provided in the hearing notice sent by the OHCA, and that statutory provision does not mandate a hearing but, rather, leaves the decision of whether to hold a hearing to the discretion of the administrative agency. The court also noted that the hearing notice stated that § 19a-639a (e) permitted an appropriate request to be filed, and noted that, "[u]nder § 19a-639a (e), a written request for a hearing would have to be filed by three or more individuals or by an individual representing an entity with five or more people," which would convert the discretionary hearing under § 19a-639a (f) (2) into a mandatory hearing. The court underscored the fact that the plaintiff's letter did not state that the plaintiff "was one of three individuals or that the individual [attorney] was representing an entity with five or more people." The court further observed that the plaintiff's letter requesting intervenor status made no reference to § 19a-639a (e), but focused only on asserting its intervenor status for the impending public hearing. Additionally, the plaintiff's letter did not request that the already scheduled public hearing be converted to a mandatory hearing. The court also disregarded Mitchell's statement at the beginning of the hearing on March 28, 2019, that the hearing was being held as a contested case, because the plaintiff had failed to submit a petition under § 19a-639a (e). Thus, because the court concluded that the hearing was not a contested case under § 4-166 (4) of the UAPA, it determined that there was no final decision, as required by § 4-183 (a). Accordingly, the court concluded that it did not have subject matter jurisdiction to consider the plaintiff's administrative appeal.[13] This appeal followed. Additional facts and procedural history will be set forth as necessary.

I

On appeal, the plaintiff first claims that the court erred in granting the defendants' motions to dismiss

after concluding that it lacked subject matter jurisdiction to hear the plaintiff's appeal. Specifically, the plaintiff contends that, because § 19a-639a provides an opportunity for a hearing and a hearing was in fact held, the requirements for a contested case pursuant to § 4-166 (4) were met, and, therefore, there was a final decision from which it could appeal. Stated differently, the plaintiff claims that, because "§ 4-166 (4), together with § 19[a]-639a, [provide] a party contesting a [certificate of need] application with the opportunity for a hearing," the legislature intended for "contested" certificate of need applications to be subject to judicial review. (Internal quotation marks omitted.) The plaintiff also claims that a mandatory hearing was held because the hearing officer deemed it a contested case at the beginning of the hearing and conducted the hearing in accordance with the department's rules of procedure for contested cases. In response, the defendants argue that, because the OHCA had stated in the hearing notice that the notice was being issued pursuant to § 19a-639a (f) (2), under which a hearing is not mandatory, the requirements for a contested case were not met. We agree with the defendants.

"We first set forth our standard of review governing an appeal from a judgment granting a motion to dismiss on the ground of a lack of subject matter jurisdiction. A motion to dismiss properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. . . . A court deciding a motion to dismiss must determine not the merits of the claim or even its legal sufficiency, but rather, whether the claim is one that the court has jurisdiction to hear and decide. . . . Our Supreme Court has determined that when ruling upon whether a complaint survives a motion to dismiss, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. . . . A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction. . . . [B]ecause [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary." (Citations omitted; emphasis omitted; internal quotation marks omitted.) *Bailey* v. *Medical Examining Board for State Employee Disability Retirement*, 75 Conn. App. 215, 219, 815 A.2d 281 (2003). "Whether the plaintiffs have a statutory right to appeal from the decision of the department is a question of statutory interpretation over which our review is plenary. . . . Relevant legislation and precedent guide the process of statutory interpretation. General Statutes § 1-2z provides that, '[t]he meaning of a statute shall, in the first instance, be ascertained from the text of the statute itself and its relationship to other statutes. If, after examining such text and considering such relation-

ship, the meaning of such text is plain and unambiguous and does not yield absurd or unworkable results, extratextual evidence of the meaning of the statute shall not be considered.' " (Citation omitted.) *Middlebury* v. *Dept. of Environmental Protection*, supra, 283 Conn. 166

"It is well established that [t]here is no absolute right of appeal to the courts from the decision of an administrative agency. . . . The [UAPA] grants the Superior Court jurisdiction over appeals of agency decisions only in certain limited and well delineated circumstances. . . . *Lewis* v. *Gaming Policy Board*, 224 Conn. 693, 699–700, 620 A.2d 780 (1993). Specifically, a party may appeal to the Superior Court only from a final decision in a contested case as provided in §§ 4-183 and 4-166 [4][14] and [5].[15] . . . Section 4-166 [4] defines a contested case in relevant part as a proceeding . . . in which the legal rights, duties or privileges of a party are required by [state] statute [or regulation] to be determined by an agency after an opportunity for hearing or in which a hearing is in fact held . . . .

"The test for determining contested case status has been well established and requires an inquiry into three criteria, to wit: (1) whether a legal right, duty or privilege is at issue, (2) and is statutorily required to be determined by the agency, (3) through an opportunity for hearing or in which a hearing is in fact held. *Herman* v. *Division of Special Revenue*, [supra, 193 Conn. 382]. . . . Under this test, if an agency is not statutorily required to hold a hearing, but nonetheless holds a hearing gratuitously, a contested case does not arise. See *New England Dairies, Inc.* v. *Commissioner of Agriculture*, 221 Conn. 422, 427–29, 604 A.2d 810 (1992) (no contested case when commissioner of agriculture held hearing on application for milk license, but was not required by statute to do so); *Herman* v. *Division of Special Revenue*, supra, 386–87 (no contested case when division of special revenue held hearing on request to reinstate patron at jai alai fronton, but was not required by statute to do so); *Taylor* v. *Robinson*, 171 Conn. 691, 696–97, 372 A.2d 102 (1976) (no contested case when board of parole held hearing on inmate's request for parole, but was not required by statute to do so) . . . ." (Citations omitted; footnotes added; internal quotation marks omitted.) *Middlebury* v. *Dept. of Environmental Protection*, supra, 283 Conn. 163–64.

Section 4-183 (a) of the UAPA provides in relevant part that "[a] person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision may appeal to the Superior Court . . . ." Section 4-166 (5) defines a final decision in relevant part as an "agency determination in a contested case . . . a declaratory ruling issued by an agency pursuant to [§] 4-176, or . . . an agency deci-

sion made after reconsideration. . . ." As noted previously in this opinion, § 4-166 (4) defines a contested case in relevant part as "a proceeding . . . in which the legal rights, duties or privileges of a party are required by state statute or regulation to be determined by an agency after an opportunity for hearing or in which a hearing is in fact held . . . ."

In *Middlebury*, our Supreme Court construed the definition of a contested case to include a hearing required by state statute or regulation. See *Middlebury* v. *Dept. of Environmental Protection*, supra, 283 Conn. 175–76. The court in *Middlebury* also determined that a contested case does not arise simply because a hearing in fact was held, even though it was not required by state statute or regulation. See id. Moreover, our Supreme Court has construed § 4-166 (4) "as manifesting a legislative intention to limit contested case status to proceedings in which an agency is required by statute to provide an opportunity for a hearing to determine a party's legal rights or privileges. . . . If a hearing is not statutorily mandated, even if one is gratuitously held, a contested case is not created. . . . Accordingly, if the [hearing officer] conducted the hearing gratuitously and not pursuant to a statutory entitlement to a hearing, the mere fact of the existence of the hearing, alone, would not entitle the applicant to an appeal." (Citations omitted; internal quotation marks omitted.) *Canterbury* v. *Rocque*, 78 Conn. App. 169, 175, 826 A.2d 1201 (2003),[16] quoting *Summit Hydropower Partnership* v. *Commissioner of Environmental Protection*, 226 Conn. 792, 800–801, 629 A.2d 367 (1993). *Middlebury* makes it clear that the threshold inquiry in determining whether a contested case is involved is whether a state statute or regulation requires the agency to provide an opportunity for a hearing to determine the legal rights, duties, or privileges of a party, or if a hearing that is held to determine such rights, duties, or privileges is *required* by state statute or regulation. See *Middlebury* v. *Dept. of Environmental Protection*, supra, 175–76. Moreover, this court has established that, "in order to constitute a contested case, a party to that hearing must have enjoyed a *statutory right* to have his legal rights, duties, or privileges determined by that agency holding the hearing. . . . [W]here no party to a hearing enjoys such a right, the Superior Court is without jurisdiction over any appeal from that agency's determination." (Emphasis added; internal quotation marks omitted.) *Canterbury* v. *Rocque*, supra, 175.

In accordance with the foregoing principles, we first look to the language of the statute under which the hearing notice was issued, § 19a-639a (f) (2), to determine whether that statute requires the OHCA "to determine the legal rights, duties or privileges of a party after an opportunity for hearing or in which a hearing is in fact held . . . ." (Internal quotation marks omitted.) Id., 174. Section 19a-639a (f) (2) provides in relevant

part that the OHCA "*may* hold a public hearing with respect to any certificate of need application submitted under this chapter. . . ." (Emphasis added.) "We first note that [t]o determine the intent of the legislature, we first consider whether the statutory language yields a plain and unambiguous resolution. . . . If the words are clear and unambiguous, it is assumed that [they] express the intention of the legislature. . . . The words of a statute must be interpreted according to their ordinary meaning unless their context dictates otherwise. . . . We further note that [i]n construing statutes, we must use common sense and must not interpret statutes to yield bizarre and irrational results." (Citation omitted; internal quotation marks omitted.) *Bona* v. *Freedom of Information Commission*, 44 Conn. App. 622, 632–33, 691 A.2d 1 (1997). The meaning of the statute's language in the present case "appears plain and does not appear amenable to other interpretations by reference to extrinsic sources."[17] *Canterbury* v. *Rocque*, supra, 78 Conn. App. 178.

"[T]he word may imports permissive conduct and the conferral of discretion. . . . Only when the context of legislation permits such interpretation and if the interpretation is necessary to make a legislative enactment effective to carry out its purposes, should the word may be interpreted as mandatory rather than directory." (Internal quotation marks omitted.) *Stone* v. *East Coast Swappers*, *LLC*, 337 Conn. 589, 601,      A.3d (2020). Additionally, nothing in the other subsections of § 19a-639a indicates that the legislature intended for the word "may" to be interpreted in any other manner except as to confer discretion. For instance, § 19a-639a (c) (1) provides in relevant part that, "[n]ot later than thirty days after the date of filing of the application, the [OHCA] *may* request such additional information as the [OHCA] determines necessary to complete the application. . . ." (Emphasis added.) Moreover, § 19a-639a (d) provides in relevant part that "[u]pon request or for good cause shown, the [OHCA] *may* extend the review period for a period of time not to exceed sixty days. *If* the review period is extended, the [OHCA] shall issue a decision on the completed application prior to the expiration of the extended review period. . . . " (Emphasis added.); cf. *Stone* v. *East Swappers*, *LLC*, supra, 602 (court held that legislature intended for word "may" to be interpreted as mandatory in relevant statute in light of fact that legislature included words "may, in its discretion" in one subsection of statute but included only word "may" in another subsection of same statute, indicating that discretion was conferred only in subsection that included the words "may, in its discretion" (emphasis omitted; internal quotation marks omitted)). It is clear that the OHCA has discretion under § 19a-639a (f) (2) as to whether to hold a public hearing for a certificate of need application. Accordingly, in the present case, a hearing was not statutorily mandated

on Birch Hill's application under § 19a-639a (f) (2). The plaintiff's contention that § 4-166 (4) requires only that there be an opportunity for a hearing under the statutory scheme of § 19a-639a in order to confer contested case status would yield absurd results because, in the case of certificate of need applications, all certificate of need hearings would be conferred contested case status simply by the nature of those proceedings, irrespective of whether the statutory provision under which the hearing is held or the opportunity for a hearing is provided by the agency actually mandates a hearing. "The law favors a rational statutory construction and we presume that the legislature intended a sensible result." (Internal quotation marks omitted.) *Wiele* v. *Board of Assessment Appeals*, 119 Conn. App. 544, 551–52, 988 A.2d 889 (2010).

We also note that the plaintiff's interpretation of § 4-166 (4) would thwart the legislature's intent to require that there be a contested case before a right to judicial review is triggered. "[T]here is no [common-law] right to judicial review of administrative determinations. Judicial review of an administrative decision is a creature of statute." (Internal quotation marks omitted.) *Canterbury* v. *Rocque*, supra, 78 Conn. App. 174. According to the plaintiff, the requirements for a contested case are satisfied "whenever the [department] holds a hearing on a [certificate of need application] . . . ." If the plaintiff's position were correct, a right to judicial review of an agency decision would exist in every instance in which there was an opportunity for a hearing *and* a hearing was in fact held, which is contrary to our Supreme Court's determination that contested case status is limited to proceedings in which a hearing is mandated by state statute or regulation. See *Middlebury* v. *Dept. of Environmental Protection*, supra, 283 Conn. 175–76; see also id., 164–65 ("'[W]hen § 4-166 [4] is read as a whole, it is evident that the phrase "required by statute to be determined by an agency after an opportunity for hearing" cannot be divorced from the phrase "or in which a hearing is in fact held." If it were otherwise, every time an agency gratuitously conducted a hearing, a "contested case" would be spawned. Such an interpretation of § 4-166 [4] would chill, to the detriment of those [submitting a certificate of need application] . . . [to] the agency, the inclination of an agency to hold any type of an inquiry to gather information when it was not required by statute to do so. We believe, consequently, that the phrase "or in which a hearing is in fact held" was not intended by the legislature to mean that if a hearing, *not required by statute*, is in fact held by agency dispensation, it will result in a contested case.'" (Emphasis added.)). We fail to see how a mere opportunity for a hearing, coupled with the holding of a hearing, in the absence of a specific statute or regulation under which the hearing is required to be held, are sufficient to

constitute a contested case in light of *Summit Hydropower Partnership*, and the aforementioned cases cited in this opinion.[18] See *Summit Hydropower Partnership* v. *Commissioner of Environmental Protection*, supra, 226 Conn. 800 ("[W]e have determined that even in a case where a hearing is in fact held, in order to constitute a contested case, a party to that hearing must have enjoyed a statutory right to have his legal rights, duties, or privileges determined by that agency holding the hearing. . . . In the instance where no party to a hearing enjoys such a right, the Superior Court is without jurisdiction over any appeal from that agency's determination." (Internal quotation marks omitted.)). Accordingly, the plaintiff's contention in that regard fails.

Likewise, the plaintiff's argument that a mandatory hearing was held because Mitchell stated at the beginning of the hearing that the proceeding was being conducted as a contested case fails, because "[a]lthough the ['hearing'] exhibited the characteristic elements of a hearing in that evidence was presented, witnesses were heard, and testimony was taken in an adversarial setting, the plaintiff has failed to demonstrate that the [agency] was statutorily required . . . [to hold a hearing on the certificate of need application]. Therefore, the proceeding, lacking the essential element of a 'right to be heard,' remained gratuitous . . . . Consequently, there was no contested case to which the provisions of the UAPA might apply." (Footnote omitted.) *Herman* v. *Division of Special Revenue*, supra, 193 Conn. 386–87. In the present case, the hearing officer could not have converted the proceeding into a contested case by her words alone, especially when the notice advised that the hearing was being held pursuant to § 19a-639a (f) (2).

The hearing notice in this case plainly stated that it was being issued pursuant to § 19a-639a (f) (2). As such, the plaintiff's argument that the requirements for a contested case under § 4-166 (4) are met simply because other provisions in § 19a-639a provide an opportunity for a hearing is untenable. Irrespective of whether the opportunity for a hearing was afforded and a hearing was in fact held, because the public hearing in the present case was held under § 19a-139a (f) (2), which does not mandate a hearing, the requirements for a contested case were not met under § 4-166 (4), and, therefore, there was no final decision from which the plaintiff could have appealed for purposes of § 4-183. Accordingly, the plaintiff's first claim fails.

II

The plaintiff next claims that the court erred by concluding that its March 22, 2018 letter setting forth its request to intervene was insufficient to constitute a request for a public hearing for purposes of § 19a-639a (e). Specifically, the plaintiff claims that its letter should

have been liberally construed because § 19a-639a (e) does not specify what is required in a written request for a hearing. Birch Hill, in response, contends that the plaintiff's letter did not conform to requirements under § 19a-639a (e) because the letter was merely a request for intervenor status, did not include a request for a hearing, made no mention of § 19a-639a (e), and did not meet the numerical requirement under § 19a-639a (e). Similarly, the department and the OHS contend, inter alia, that the language in the statute clearly demonstrates that the "legislature . . . intended [that] the written document expressly state a request for a public hearing," because doing so provides "notice to [the] OHCA that a mandatory public hearing is being sought by the requester" under § 19a-639a (e). We conclude that the court did not err in concluding that the plaintiff's letter requesting intervenor status was insufficient to satisfy the requirements under § 19a-639a (e).

We first set forth the applicable standard of review. Because we are addressing whether the plaintiff's letter requesting intervenor status complied with the requirements under § 19a-639a (e), our review is plenary. "Under the plenary standard of review, we must decide whether the court's conclusions are legally and logically correct and supported by the facts in the record." (Internal quotation marks omitted.) *Estela* v. *Bristol Hospital, Inc.*, 179 Conn. App. 196, 207–208, 180 A.3d 595 (2018).

After the court determined that a contested case did not arise because the plaintiff had failed to establish that the hearing held was statutorily required under § 19a-639a (f) (2), the court noted that the plaintiff could have invoked a mandatory hearing by way of satisfying the requirements under § 19a-639a (e), as articulated in the March 6, 2018 hearing notice. Section 19a-639a (e) provides in relevant part that "the [OHCA] *shall* hold a public hearing on a properly filed and completed certificate of need application if *three or more individuals or an individual representing an entity with five or more people submits a request, in writing*, that a public hearing be held on the application. . . ." (Emphasis added.) The court found that the plaintiff's letter did not satisfy the requirements under § 19a-639a (e) because the letter addressed only its request to intervene and "merely mentioned that the hearing had been set . . . ."

At the outset, we note that, although § 19a-639a (e) does not explicitly delineate what the content of the written request for a hearing must include, the plain language of the statute requires that a request be made "*in writing*, that a public hearing be held on the [certificate of need] application." (Emphasis added.) Notably, as stated previously in this opinion, the notice sent by the OHCA on March 6, 2018, stated that, "[p]ursuant to . . . § 19a-639a (e), [the] OHCA shall hold a hearing

upon receiving a properly filed request from the requisite number of members of the public. This hearing notice is being issued pursuant to . . . § 19a-639a (f) (2)." Our review of the plaintiff's letter requesting intervenor status reveals that no such request was made; instead, the plaintiff requested only to intervene and *participate* with full rights in the hearing that the OHCA had already scheduled. See footnote 8 of this opinion. Additionally, the plaintiff titled its letter "Petition of [High Watch Recovery, Inc.] To Be Designated as an Intervenor With Full Rights Including [Cross-Examination]," which is simply language adopted from § 4-177a. See footnote 8 of this opinion. A request to intervene, such as the one that the plaintiff submitted, without additional language also indicating a request for a hearing, cannot be deemed to meet the requirements of § 19a-639a (e).

Even if the plaintiff's letter could be construed as a request for a hearing, the requirements of § 19a-639a (e) still would not have been met because the letter did not set forth the requisite number of individuals as required under the statute. When an individual is relying on a request to intervene to support a claim that the numerical requirement under § 19a-639a (e) has been satisfied, there must be some indication in that request that the entity the individual is representing consists of five or more people or that there are three or more individuals requesting a hearing. Otherwise, the agency would not be able to determine whether the numerical requirements under § 19a-639a (e) are met upon the filing of a petition to request a hearing.

The plaintiff contends that it met the numerical requirement because it is a seventy-eight bed, inpatient treatment center that is "regulated by its number of beds." The plaintiff claims that, on the date it filed its request to intervene, more than five of its beds were occupied. Moreover, the plaintiff asserts that it had a nineteen member executive staff, seven directors, and ninety-five employees on the date that it submitted its request to intervene. The plaintiff's argument concerning the numerical requirement is unavailing because the information regarding how many beds were occupied or the composition of the company was not included in the plaintiff's letter.[19] The only description of the plaintiff in the letter stated: "The [i]ntervenor is a private, [nonprofit], freestanding facility that is located . . . seven . . . miles away from the site of the proposed [f]acility. The [i]ntervenor is licensed by the [department] to provide several services including, those to treat substance abusive or dependent persons. Such persons are the same service population that the proposed [f]acility intends to serve." The plaintiff merely provided a description of the facility in its request and the reasons it should be granted intervenor status, as well as its desire to *participate* in the already scheduled hearing. See footnote 8 of this opinion. The

OHCA would not have been able to determine whether it needed to convert the proceedings into a contested proceeding by virtue of § 19a-639a (e), as provided in the hearing notice, without the plaintiff explicitly delineating in its letter how it met the requisite number of individuals under § 19a-639a (e).

If a request for intervenor status that makes no mention of any of the requirements under § 19a-639a (e) is granted and deemed to be sufficient to meet the standards set forth in § 19a-639a (e), then, in essence, the grant of intervenor status alone would be sufficient to convert a gratuitous hearing under § 19a-639a (f) (2) into a mandatory hearing under § 19a-639a (e). That result potentially would confer contested case status on every individual who is granted intervenor status in a proceeding conducted under § 19a-639a (f) (2), even when that individual does not explicitly request a hearing or does not set forth how it meets one of the numerical requirements.[20] Such a result would contravene the legislature's intent of requiring, in most cases, that there be a sufficient showing of public interest before requiring that a hearing be held on a certificate of need application.[21] See 46 H.R. Proc., Pt. 6, 2003 Sess., pp. 1709–17, remarks of Representative Arthur J. Feltman (In instances when it is in the commissioner's discretion to have a hearing on a certificate of need, "[there is] . . . one case in which we do ask that the hearings be mandatory. In addition to whenever the public requests it, it's if the capital costs of a new improvement would exceed 20 million dollars or a new piece of equipment exceed a million dollars. . . . But in any case, if there is a public expression of interest, the public hearing will be held."); see also Report on Bills Favorably Reported by Committee, Public Health, House Bill No. 6452 (March 18, 2003) ("[t]his bill would allow for greater opportunity for the public to comment about certificates of need and requiring public hearings on them, *if requested by the public*" (emphasis added)).

Although the plaintiff argues that, if its letter is liberally construed, it meets the requirements under § 19a-639a (e), there is nothing in the letter from which we can infer that the plaintiff met the numerical requirement under the statute. As such, the court did not err in determining that the plaintiff's letter was insufficient to satisfy § 19a-639a (e). Accordingly, the plaintiff's second claim fails.[22]

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The plaintiff also named the department's Office of Health Strategy (OHS) as a defendant in this action. The plaintiff alleged that the OHS was included in its appeal because its executive director "is empowered to . . . exercise independent authority" on all certificate of need applications deemed completed by the Office of Health Care Access. (Internal quotation marks omitted.) In this opinion, we refer to the department, the OHS, and Birch Hill collectively as the defendants and individually by name when necessary.

[2] In this opinion, our references to § 19a-639a (e) are to the 2017 revision of the statute.

[3] Pursuant to General Statutes (Rev. to 2017) § 19a-612d, the deputy commissioner of public health was responsible for directing and overseeing the OHCA at the time that Birch Hill submitted its certificate of need application. Pursuant to No. 18-91, § 1, of the 2018 Public Acts, which became effective May 14, 2018, the statutes pertaining to the OHS were amended to create a Health Systems Planning Unit, in lieu of the OHCA. Thus, when the final order concerning Birch Hill's application for a certificate of need was issued, the OHS was responsible for directing and overseeing the Health Systems Planning Unit and the OHCA was no longer in existence. In this opinion, however, in the interest of simplicity, we refer to the OHCA, instead of the Health Systems Planning Unit, because the OHCA was repeatedly referenced in the record of the underlying proceedings and is referred to by the parties in their appellate briefs.

[4] General Statutes (Rev. to 2017) § 19a-638 (a) provides in relevant part: "A certificate of need issued by the [OHCA] shall be required for: (1) The establishment of a new health care facility . . . ." Our references in this opinion to § 19a-638 (a) are to the 2017 revision of the statute.

[5] General Statutes (Rev. to 2017) § 19a-639a (e) provides in relevant part: "Except as provided in this subsection, the [OHCA] shall hold a public hearing on a properly filed and completed certificate of need application if three or more individuals or an individual representing an entity with five or more people submits a request, in writing, that a public hearing be held on the application. . . . Any request for a public hearing shall be made to the [OHCA] not later than thirty days after the date the [OHCA] determines the application to be complete."

[6] General Statutes (Rev. to 2017) § 19a-639a (f) (2) provides: "The [OHCA] may hold a public hearing with respect to any certificate of need application submitted under this chapter. The [OHCA] shall provide not less than two weeks' advance notice to the applicant, in writing, and to the public by publication in a newspaper having a substantial circulation in the area served by the health care facility or provider. In conducting its activities under this chapter, the [OHCA] may hold hearing[s] on applications of a similar nature at the same time." Our references in this opinion to § 19a-639a (f) (2) are to the 2017 revision of the statute.

[7] Section 19a-9-26 of the Regulations of Connecticut State Agencies concerns the designation of parties to a hearing for a contested case or in actions for declaratory rulings. Section 19a-9-27 of the Regulations of Connecticut State Agencies sets forth the procedures for the designation as an intervenor in a contested case or a declaratory ruling hearing.

[8] The plaintiff's letter requesting to intervene stated in relevant part that it was petitioning the OHCA "to receive intervenor status, with full procedural rights, so that the [i]ntervenor may present its opposition to the . . . [c]ertificate of [n]eed [a]pplication . . . that is to be heard at the public hearing scheduled to commence on March 28, 2018 . . . .

"The [i]ntervenor is a private, [nonprofit], freestanding facility . . . . The [i]ntervenor proposes to participate in the hearing and to present oral and written testimony and evidence establishing grounds for denial of the . . . [certificate of need] [a]pplication. . . .

"The [i]ntervenor's participation in the hearing with full procedural rights will assist [the] OHCA in resolving the issues of the pending contested case, will be in the interest of justice, and will not impair the orderly conduct of the proceedings.

"In addition, the [i]ntervenor respectfully petitions and seeks the right to cross-examine [Birch Hill] and any of its witnesses, experts or other persons submitting oral or written testimony in support of the . . . [certificate of need] [a]pplication at the hearing . . . . As you know, this is a disputed [a]pplication, such that cross-examination will help clarify the pertinent issues and will assist in bringing out all the facts so as to provide for a fully informed decision on the [certificate of need] [a]pplication.

"The undersigned will serve as the contact person for the [i]ntervenor with respect to this matter . . . ."

[9] General Statutes § 4-177a provides in relevant part: "(a) The presiding officer shall grant a person status as a party in a contested case if that officer finds that: (1) Such person has submitted a written petition to the agency and mailed copies to all parties, at least five days before the date of hearing; and (2) the petition states facts that demonstrate that the petitioner's legal rights, duties or privileges shall be specifically affected by the agency's decision in the contested case.

"(b) The presiding officer may grant any person status as an intervenor in a contested case if that officer finds that: (1) Such person has submitted a written petition to the agency and mailed copies to all parties, at least five days before the date of hearing; and (2) the petition states facts that demonstrate that the petitioner's participation is in the interests of justice

and will not impair the orderly conduct of the proceedings. . . .

"(d) If a petition is granted pursuant to subsection (b) of this section, the presiding officer may limit the intervenor's participation to designated issues in which the intervenor has a particular interest as demonstrated by the petition and shall define the intervenor's rights to inspect and copy records, physical evidence, papers and documents, to introduce evidence, and to argue and cross-examine on those issues. The presiding officer may further restrict the participation of an intervenor in the proceedings, including the rights to inspect and copy records, to introduce evidence and to cross-examine, so as to promote the orderly conduct of the proceedings."

[10] We note that, at the time of the March 28, 2018 hearing, the plaintiff still had two days to request a mandatory hearing pursuant to § 19a-639a (e). See General Statutes (Rev. to 2017) § 19a-639a (e) ("[a]ny request for a public hearing shall be made to the [OHCA] not later than thirty days after the date the [OHCA] determines the application to be complete"). Birch Hill's application was deemed complete by the OHCA on March 1, 2018.

[11] General Statutes § 4-183 (a) provides in relevant part: "(a) A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision may appeal to the Superior Court as provided in this section. . . ."

[12] Following the decision in *Middlebury* v. *Dept. of Environmental Protection*, supra, 283 Conn. 156, § 4-166 was amended, and the term "[c]ontested case" is now defined in subsection (4), instead of subsection (2), of § 4-166. See Public Acts 2014, No. 14-187, § 1.

[13] The court did not address the defendants' contention that the plaintiff was not aggrieved.

[14] See footnote 12 of this opinion.

[15] At the time *Middlebury* was decided, the term "[f]inal decision" was defined in subsection (3) of § 4-166. Following amendments to the statute, it is now defined in subsection (5) of § 4-166. See Public Acts 2014, No. 14-187, § 1.

[16] We note that the court in *Canterbury* addressed the definition of a contested case in § 4-166 (2), which has been moved to subsection (4) of § 4-166. See *Canterbury* v. *Rocque*, supra, 78 Conn. App. 174; see also Public Acts 2014, No. 14-187, § 1.

[17] There is no claim by either party that § 19a-639a (f) (2) is ambiguous.

[18] Furthermore, the use of the word "or" in § 4-166 (4) indicates that the legislature does not require that both an opportunity for a hearing be provided *and* for a hearing to be held; instead, the statute requires that a state statute or regulation mandate that the rights, duties or privileges of a party be determined after an opportunity for a hearing or when a hearing is actually held. "Our Supreme Court and this court have likewise construed, in the context of other statutes, the word 'or' to be disjunctive, synonymous with 'in the alternative.' See, e.g., *Giannitti* v. *Stamford*, 25 Conn. App. 67, 75–76, 593 A.2d 140 (declining to 'determine that the word "or" in the statute [at issue] should be read in the conjunctive as "and" rather than in the disjunctive . . .'), cert. denied, 220 Conn. 918, 597 A.2d 333 (1991); *State* v. *Breton*, 212 Conn. 258, 279, 562 A.2d 1060 (1989) ('[i]t is clear that by the use of the word "or," the legislature intended the separate terms in [the subsection of the statute at issue] to apply in the alternative')." *U.S. Bank National Assn.* v. *Karl*, 128 Conn. App. 805, 810 n.4, 18 A.3d 685, cert. denied, 302 Conn. 909, 23 A.3d 1249 (2011).

[19] We assume, without deciding, that the plaintiff's contention that the numerical requirement would be satisfied if an individual filed a request to intervene on behalf of a health facility that had at least five of its beds occupied is correct.

[20] Without clear language in a letter requesting intervenor status that a hearing also is being requested and a showing that the requisite numerical requirement is met, the requirements of § 19a-639a (e) have not been satisfied. For a hearing officer to grant contested case status to an individual under such circumstances would be contrary to the statutory requirements and would, in essence, amount to conferring the right to an administrative appeal against the authority of the statute, which is not within the authority of a hearing officer to do. See *Middlebury* v. *Dept. of Environmental Protection*, supra, 283 Conn. 170 ("[T]he underlying purpose of the required by statute provision in § 4-166 [4] . . . rests on the desirability of ensuring that the legislature, rather than the agencies, has the primary and continuing role in deciding which class of proceedings should enjoy the full panoply of procedural protections afforded by the [UAPA] to contested cases, including the right to appellate review by the judiciary. Deciding which class of

cases qualif[ies] for contested case status reflects an important matter of public policy and the primary responsibility for formulating public policy must remain with the legislature." (Internal quotation marks omitted.)); see also *New England Rehabilitation Hospital of Hartford, Inc.* v. *CHHC*, 226 Conn. 105, 132–33, 627 A.2d 1257 (1993) ("[i]f designation as a party in an agency proceeding were construed to be the equivalent of the right to be a party in a judicial proceeding, an agency's presiding officer would be vested with the authority to decide not only who could appear before the agency and what rights they would have during that proceeding, but also who could challenge an adverse decision of the agency in court").

[21] The plaintiff concedes that the "hearing officer's statement alone cannot confer jurisdiction on this court" but posits that the hearing officer's statement is relevant because any person would conclude that he or she did not need to request a hearing on the basis of the fact that the hearing officer understood that the applicable statutes provided an opportunity for a public hearing, the plaintiff intervened after the OHCA declared that it was holding a public hearing, and "the [thirty day] time period to demand a public hearing had not yet run . . . when [the hearing officer] . . . opened the proceeding by announcing that it was a contested case." (Emphasis omitted.) We fail to see how the hearing officer's statement at the beginning of the hearing can override the requirements set forth by the legislature in § 19a-639a (e) and confer contested status when an individual has not taken action to trigger a hearing under § 19a-639a (e).

[22] We do not find it necessary to address the alternative ground for dismissal raised by the department and the OHS, namely, that the plaintiff is not aggrieved, because we conclude that the court did not err in dismissing the plaintiff's appeal for lack of subject matter jurisdiction on the ground that there was no final decision from which the plaintiff could appeal.

———————————————