******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

JOE MARKLEY ET AL. *v.* STATE ELECTIONS
ENFORCEMENT COMMISSION
(SC 20305)

Robinson, C. J., and Palmer, McDonald, Mullins,
Kahn, Ecker and Vertefeuille, Js.*

*Syllabus*

Pursuant to statute (§ 4-181a (a) (2)), an administrative agency may reconsider a final decision within forty days of personal delivery or mailing of that decision, regardless of whether a petition for reconsideration has been filed.

Pursuant further to statute, (§ 4-183 (c) (3)), a party may appeal an agency's final decision made after reconsideration within forty-five days.

The plaintiffs, two candidates for state elective offices, appealed to the trial court from the decision of the defendant, the State Elections Enforcement Commission, which assessed fines against the plaintiffs upon determining that they had violated certain state election laws and regulations. The plaintiffs filed a timely petition for reconsideration of the commission's final decision on February 14, 2018, pursuant to § 4-181a (a) (1), which provides, inter alia, that an agency's failure to decide whether to reconsider a decision within twenty-five days of the filing of such a petition shall constitute a denial of that petition. The commission took no action on the petition for reconsideration within twenty-five days of its filing, resulting in the denial of the petition on March 11, 2018, by operation of § 4-181a (a) (1). Nevertheless, the commission's executive director and general counsel subsequently placed the plaintiffs' petition for reconsideration on the agenda of a special meeting of the commission that was conducted on March 23, 2018, at which the commission formally denied the petition. Thereafter, on May 7, 2018, the plaintiffs filed their administrative appeal with the trial court. The court rendered judgment dismissing the plaintiffs' appeal for lack of subject matter jurisdiction, concluding that the denial of their petition for reconsideration had occurred on March 11, 2018, by operation of § 4-181a (a) (1) and, therefore, that the plaintiffs had failed to timely file their appeal under § 4-183 (c) (2), which requires such appeals to be filed within forty-five days of the denial of reconsideration by operation of § 4-181a (a) (1). On the plaintiffs' appeal from the trial court's judgment, *held* that the trial court improperly dismissed the plaintiffs' administrative appeal for lack of subject matter jurisdiction, as the plaintiffs' appeal was timely under § 4-183 (c) (3): because § 4-181a (a) (2) authorizes an agency to reconsider a final decision sua sponte for up to forty days from the issuance of that decision, regardless of whether a petition for reconsideration is filed, the commission had authority under that statutory provision to reconsider its final decision in the plaintiffs' matter until March 26, 2018, and, in light of the denial of the petition for reconsideration by operation of § 4-181a (a) (1) on March 11, 2018, reconsideration pursuant to § 4-181a (a) (2) was the only lawful action that the commission could have taken on the petition at the special meeting held on March 23, 2018; accordingly, under the particular facts of the case, the timeliness of the plaintiffs' appeal to the trial court was governed by the forty-five day limitation period of § 4-183 (c) (3), which commenced on the date the plaintiffs were notified by the commission of its action on the petition for reconsideration at the special meeting, rather than the forty-five day period of § 4-183 (c) (2), which, if applicable, would have commenced forty-five days after the denial of the petition by operation of § 4-181a (a) (1); moreover, a contrary determination by this court would effectively have penalized the plaintiffs for the commission's mistake in considering the petition for reconsideration after it had been denied by operation of law, especially because the plaintiffs were entitled to presume that the commission's action in considering the petition at the special meeting was apparently consistent with law, and the commission could claim no prejudice or unfairness by virtue of this court's remand for a resolution of the merits of the plaintiffs' administrative appeal.

Argued October 22, 2019—officially released May 20, 2021**

*Procedural History*

Appeal from a decision of the defendant finding the plaintiffs in violation of state election laws and regulations, brought to the Superior Court in the judicial district of New Britain, where the court, *Joseph M. Shortall*, judge trial referee, granted the defendant's motion to dismiss and, exercising the powers of the Superior Court, rendered judgment dismissing the action, from which the plaintiffs appealed. *Reversed*; *further proceedings*.

*Allen Dickerson*, pro hac vice, with whom were *Doug Dubitsky* and *Owen Yeates*, pro hac vice, for the appellants (plaintiffs).

*Michael K. Skold*, assistant attorney general, with whom, on the brief, were *William Tong*, attorney general, and *Maura Murphy Osborne*, assistant attorney general, for the appellee (defendant).

*Opinion*

PALMER, J. The plaintiffs, Joe Markley and Rob Sampson, appeal from the judgment of the trial court dismissing their administrative appeal, for lack of subject matter jurisdiction, from the adverse decision of the defendant, the State Elections Enforcement Commission (commission). In that decision, the commission determined that the plaintiffs, who, as candidates for state elective office, had received funding for their campaigns through the Citizens' Election Program (program), violated certain state election laws and regulations related to the program, and imposed civil fines for those violations. The plaintiffs immediately filed a petition for reconsideration in accordance with General Statutes § 4-181a (a) (1),[1] which provides that an agency's failure to decide whether to reconsider a decision within twenty-five days of the filing of such a petition shall constitute a denial of the petition. Shortly after that twenty-five day period had elapsed without a decision by the commission, however, the matter of the petition appeared on the agenda of an upcoming special meeting of the commission. Following that special meeting, the commission notified the plaintiffs that their petition had been considered at the special meeting and denied. As authorized by General Statutes § 4-183,[2] the plaintiffs appealed from the commission's decision to the Superior Court, which dismissed the appeal on the ground that it was untimely under subdivision (2) of § 4-183 (c) because, contrary to the requirement of that statutory subdivision, the appeal was not filed within forty-five days following the denial of the petition by operation of § 4-181a (a) (1). On appeal to this court,[3] the plaintiffs claim, inter alia, that their administrative appeal was timely filed in the Superior Court because, under § 4-181a (a) (2); see footnote 1 of this opinion; the commission was authorized to reconsider its decision at any time up to forty days from the filing of the petition, the commission did so, and, in accordance with § 4-183 (c) (3); see footnote 2 of this opinion; the plaintiffs filed their appeal with the Superior Court within forty-five days of their receipt of notice from the commission that it had heard and denied the petition. We agree with the plaintiffs that, under the particular facts of this case, the timeliness of their appeal to the Superior Court is governed by the forty-five day limitation period of § 4-183 (c) (3), which commenced on the date they were notified by the commission of its purported action on the petition at the special meeting, rather than the forty-five day period of § 4-183 (c) (2), which, if applicable, would have commenced forty-five days after the denial of the petition by operation of § 4-181a (a) (1). Because the plaintiffs' appeal was timely under § 4-183 (c) (3), we reverse the judgment of the trial court and remand the case to that court for a resolution of the merits of the plaintiffs' administrative appeal.

The record reveals the following undisputed facts and procedural history. On February 14, 2018,[4] the commission issued a final decision, concluding that Markley, who was seeking reelection to the state Senate, and Sampson, who was seeking reelection to the state House of Representatives, had violated certain state election laws applicable to recipients of publicly provided campaign funds through the program. More specifically, the commission determined that the plaintiffs' campaign committees had distributed campaign literature within ninety days of the election that cast a negative light on a candidate running in a different race without properly allocating the cost of that literature among campaign committees that were permitted under the program to make such expenditures. The commission issued an order requiring the plaintiffs to pay civil penalties for the violations.[5]

Also on February 14, the plaintiffs filed a petition for reconsideration of the commission's decision pursuant to § 4-181a (a) (1). In support of the petition, the plaintiffs asserted that the state statutes and regulations on which the decision rested constituted impermissibly vague restrictions on their right of free speech under the first amendment to the United States constitution. The commission took no action on the plaintiffs' petition within twenty-five days of its filing, which, as the parties agree, resulted in the constructive denial of the petition on March 11 by operation of § 4-181a (a) (1). Notwithstanding that constructive denial, Michael J. Brandi, the commission's executive director and general counsel, placed the matter of the petition on the agenda of the commission's special meeting scheduled for March 14. Bad weather, however, forced the cancellation of the meeting, which was rescheduled for March 21, and the matter of the petition again appeared on the commission's agenda for that rescheduled meeting. Inclement weather also caused the cancellation of the March 21 meeting, which was rescheduled for March 23, and, once again, the matter of the petition appeared on the agenda for that meeting. The agenda listed the matter under the heading, "Pending Complaints and Investigations," and identified the plaintiffs' petition for reconsideration as the specific issue for action by the commission.

At that March 23 meeting, the commission formally denied the petition and, on March 28, mailed a notice of the denial to the plaintiffs. That notice provided in relevant part: "On March 23, 2018, the [commission] heard the [plaintiffs'] [p]etition for [r]econsideration . . . . The [p]etition for [r]econsideration was denied by a vote of 4-0-0. The minutes of the March 23, 2018 [c]ommission meeting containing the record of the vote will be published on the [commission's] website forthwith. . . ." The meeting minutes, which were posted on the commission's website, stated that Brandi had

summarized the plaintiffs' request to reconsider the commission's final decision and recommended hearing the request, that the commissioners unanimously voted to deny the petition, and that the final decision was available on the commission's website.[6]

On May 7, the plaintiffs appealed to the Superior Court pursuant to § 4-183, seeking reversal of the commission's decision on the ground that the applicable statutory and regulatory provisions of the program were unconstitutional. The commission moved to dismiss the plaintiffs' appeal for lack of subject matter jurisdiction, claiming that the appeal was untimely because it had not been filed within forty-five days of March 11, the date of the denial of the petition by operation of § 4-181a (a) (1) and the date on which that forty-five day appeal period was triggered under § 4-183 (c). In support of its motion to dismiss, the commission maintained that it was without authority to act on the petition after it had been denied by operation of law on March 11. The commission further maintained that its action on March 23 purporting to deny the motion for reconsideration was simply a mistake, and, as such, it had no bearing on the relevant appeal deadline. The plaintiffs objected to the commission's motion to dismiss, asserting that § 4-181a (a) (1) did not deprive the commission of the authority to consider the petition after it had been constructively denied, and, therefore, the forty-five day appeal period of § 4-183 (c) commenced on the date of the commission's formal denial of the petition on March 23. The plaintiffs also argued that principles of equity and fundamental fairness mandated that their appeal be deemed timely due to the commission's misleading and prejudicial action in undertaking to consider the petition, even though it already had been denied on March 11 in accordance with § 4-181a (a) (1).

The trial court granted the motion to dismiss, concluding that the plaintiffs' failure to file their appeal from the commission's decision within forty-five days of the petition's constructive denial on March 11 deprived the court of subject matter jurisdiction over the appeal. In doing so, the court agreed with the commission that its purported denial of the petition at its meeting on March 23 had no bearing on the relevant appeal period because the record was devoid of any indication that the commission had decided to reconsider its decision prior to its constructive denial on March 11. The trial court also observed that, to the extent that it was relevant, the record lacked support for the plaintiffs' claim that the commission intentionally had misled them.[7]

This appeal followed.[8] The plaintiffs claim that, under the circumstances presented, the trial court had jurisdiction to entertain the merits of their administrative appeal, even though they did not file the appeal within

forty-five days from the denial of their petition by operation of § 4-181a (a) (1), because the appeal was filed within forty-five days of March 23, the date on which the commission formally voted to deny the petition. Their argument, broadly construed, is that the commission was not barred from acting on the petition on March 23, despite the earlier constructive denial of the petition on March 11, because § 4-181a (a) (2) expressly authorized the commission to "decide to reconsider" its decision within forty days of that decision "regardless of whether a petition for reconsideration has been filed . . . ."[9] The issue, then, is whether the commission effectively did so when, on March 23, it entertained and decided to deny the petition within that forty-day period. Under the highly unusual facts of this case, we agree with the plaintiffs that their appeal to the Superior Court was timely.

Before turning to the merits of the plaintiffs' claim that the trial court incorrectly concluded that it lacked subject matter jurisdiction over their administrative appeal, we first set forth certain principles that govern our consideration of that contention. "We have long held that because [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary." (Internal quotation marks omitted.) *Trinity Christian School* v. *Commission on Human Rights & Opportunities*, 329 Conn. 684, 692, 189 A.3d 79 (2018). In ruling on a motion to dismiss for lack of subject matter jurisdiction, a court "must consider the allegations of the complaint in their most favorable light. . . . In this regard, a court must take the facts to be those alleged in the complaint, including those facts necessarily implied from the allegations, construing them in a manner most favorable to the pleader. . . . In undertaking this review, we are mindful of the well established notion that, in determining whether a court has subject matter jurisdiction, every presumption favoring jurisdiction should be indulged." (Internal quotation marks omitted.) *Dorry* v. *Garden*, 313 Conn. 516, 521, 98 A.3d 55 (2014).

Furthermore, "[a] brief overview of the statutory scheme that governs administrative appeals [under the Uniform Administrative Procedure Act, General Statutes § 4-183 et seq.] . . . is necessary to our resolution of this issue. There is no absolute right of appeal to the courts from a decision of an administrative agency. . . . Appeals to the courts from administrative [agencies] exist only under statutory authority . . . . Appellate jurisdiction is derived from the . . . statutory provisions by which it is created, and can be acquired and exercised only in the manner prescribed." (Internal quotation marks omitted.) *Trinity Christian School* v. *Commission on Human Rights & Opportunities*, supra, 329 Conn. 692–93. The right to appeal from an agency decision to the Superior Court is governed by § 4-183, and the failure to file an appeal within the forty-

five day period set forth in § 4-183 (c) deprives the court of subject matter jurisdiction to entertain an appeal. See, e.g., *Glastonbury Volunteer Ambulance Assn., Inc.* v. *Freedom of Information Commission*, 227 Conn. 848, 854–55, 633 A.2d 305 (1993); *Tolly* v. *Dept. of Human Resources*, 225 Conn. 13, 28, 621 A.2d 719 (1993).

Section 4-181a (a), which governs reconsideration of final decisions in contested cases, provides two distinct scenarios pursuant to which an agency may reconsider its final decision, thereby tolling the appeal period. First, a party who has received an adverse final decision may file a petition for reconsideration within fifteen days after the personal delivery or mailing of that decision in accordance with § 4-181a (a) (1). The agency, in turn, "shall decide whether to reconsider the final decision" within twenty-five days of the filing of the petition, and "[t]he failure of the agency to make that determination within twenty-five days of such filing shall constitute a denial of the petition." General Statutes § 4-181a (a) (1). If a petition is denied pursuant to the provisions of § 4-181a (a) (1), a party may appeal to the Superior Court within forty-five days. General Statutes § 4-183 (c) (2). Alternatively, § 4-181a (a) (2) provides that, "[w]ithin forty days of the personal delivery or mailing of the final decision, the agency, regardless of whether a petition for reconsideration has been filed, may decide to reconsider the final decision." If an agency pursues reconsideration under § 4-181a (a) (2), "the agency shall proceed in a reasonable time to conduct such additional proceedings as may be necessary to render a decision modifying, affirming or reversing the final decision, provided such decision made after reconsideration shall be rendered not later than ninety days following the date on which the agency decides to reconsider the final decision." General Statutes § 4-181a (a) (3). A decision made after reconsideration becomes the final decision in the contested case for purposes of any appeal under § 4-183, including, "any issue that was reconsidered but not modified by the agency from the determination of such issue in the original final decision." General Statutes § 4-181a (a) (4) (C). Following such reconsideration, a party may appeal to the Superior Court within forty-five days. General Statutes § 4-183 (c) (3).

In the present case, the plaintiffs filed a petition for reconsideration on February 14, the same day that the commission issued its final decision. There is no dispute that the petition was constructively denied by operation of § 4-181a (a) (1) on March 11, twenty-five days after its filing. Twelve days later, however, the commission took up the plaintiffs' petition for reconsideration at its special meeting on March 23. As we have explained, § 4-181a (a) (2) provides that an agency may reconsider a final decision on its own motion for up to forty days from the issuance of that decision, regardless of whether a petition for reconsideration has been filed.

The commission therefore had the authority under § 4-181a (a) (2) to reconsider its decision until March 26, an additional fifteen days after the petition's constructive denial on March 11. Indeed, in light of the denial of the petition by operation of law on that date, sua sponte reconsideration in accordance with § 4-181a (a) (2) was the only *lawful* action that the commission could have taken on the petition. Thus, by placing the matter on the agenda of its March 23 special meeting—at which it was expressly identified as a pending case—and then "hear[ing]" the petition at the meeting and voting on it at that time, the commission gave every appearance, both to the plaintiffs and to the public generally, that it was acting as authorized by § 4-181a (a) (2).

It is true, of course, that the commission did not actually reconsider its original decision on the petition at its special meeting but, rather, took up the petition under the mistaken belief that it was still pending.[10] More specifically, it appears that Brandi placed the matter on the commission's agenda because, for whatever reason, he did not realize that the petition already had been denied by virtue of § 4-181a (a) (1) upon the expiration of twenty-five days from the filing of the petition without action by the commission. The commission members apparently were similarly unaware that the petition previously had been denied by operation of law. In light of the extremely unusual factual scenario underlying this case, however, we do not believe that the commission's error is dispositive of the question posed by this appeal.

As we explained, reconsideration of the petition under § 4-181a (a) (2) was the only possible lawful explanation for the commission's otherwise mistaken and misleading action, and anyone with an interest in the matter reasonably would have believed that the commission was acting under the authority vested in it by § 4-181a (a) (2).[11] Indeed, it is virtually inconceivable that any interested party or person would have believed that the commission itself, acting by and through its executive director and general counsel, was unaware that the petition already had been denied in accordance with the provisions of § 4-181a (a) (1). Cf. *Roncari Industries, Inc.* v. *Planning & Zoning Commission*, 281 Conn. 66, 76, 912 A.2d 1008 (2007) ("there is a presumption that public officials entrusted with specific public functions related to their jobs properly carry out their duties" and "act in compliance with the law" (internal quotation marks omitted)). Of course, the commission's error would have been apparent if the commission had purported to act on the petition more than forty days after its denial of the petition, for, in that case, the commission would have been barred from reconsidering the petition, on its own motion or otherwise, under the forty-day limitation period of § 4-181a (a) (2). In the present case, however, the commission acted within that forty-day period, so it undisput-

edly had jurisdiction to reconsider the petition in accordance with that provision when it purported to deny the petition at its special meeting.

Under all the circumstances, we believe that it is appropriate to treat the commission's action as a reconsideration of its denial of the petition under § 4-181a (a) (2) because that is what the commission itself, albeit inadvertently, held that action out to be. We do so mindful of several important considerations. First, the circumstances of this case are not just unusual, they are likely unique, because there is no reason to believe that, in the future, *any* state agency will fail to recognize that a petition for reconsideration has been denied by operation of § 4-181a (a) (1)—let alone will it then proceed to conduct itself as if it were acting in accordance with § 4-181a (a) (2).[12] Second, although it is well settled, of course, that "[n]either the parties nor the trial court . . . can confer [subject matter] jurisdiction [on an appellate] court"; (internal quotation marks omitted) *Sena* v. *American Medical Response of Connecticut, Inc.*, 333 Conn. 30, 40, 213 A.3d 1110 (2019); treating the commission's action in a manner that is in harmony with the statutory scheme—that is, treating it as the timely, sua sponte reconsideration of the petition, as expressly authorized by § 4-181a (a) (2)—does not contravene that bedrock jurisdictional rule. Third, we reach our decision with due regard for the strong presumption in favor of jurisdiction; see, e.g., *Feehan* v. *Marcone*, 331 Conn. 436, 491 n.43, 204 A.3d 666, cert. denied,       U.S.       , 140 S. Ct. 144, 205 L. Ed. 2d 35 (2019); a presumption founded on this state's clearly and "repeatedly . . . expressed . . . policy preference to bring about a [resolution] on the merits of a dispute whenever possible and to secure for the litigant his or her day in court." (Internal quotation marks omitted.) *Fedus* v. *Planning & Zoning Commission*, 278 Conn. 751, 769, 900 A.2d 1 (2006).

Finally, to reach a contrary determination would be to effectively penalize the plaintiffs for the commission's mistake, a manifestly unfair and unwarranted result in view of the fact that the plaintiffs, like the public in general, were entitled to presume that when, as in the present case, the commission took action that, for all appearances, was consistent with law, that action was, in fact, purposeful and lawful, and not mistaken and contrary to law. This is especially true because the free speech issues raised by the plaintiffs' petition are of a kind that might well have prompted the commission to decide to revisit the petition after its denial without commission action by operation of § 4-181a (a) (1), a consideration that further substantiates the objective reasonableness of attributing such a decision to the commission. Furthermore, the commission, for its part, can claim no prejudice or unfairness by virtue of our conclusion requiring a remand for a resolution of the merits of the plaintiffs' administrative appeal. And, sig-

nificantly, the plaintiffs have never sat on their rights or otherwise engaged in any dilatory conduct; on the contrary, they have pressed their claims aggressively, filing their petition for reconsideration on the very same day the commission issued its decision, and filing their administrative appeal with the Superior Court within the forty-five day limitation period prescribed by § 4-183 (c) (3). For all these reasons, we conclude that the trial court had jurisdiction to entertain that appeal.

The judgment is reversed and the case is remanded for further proceedings according to law.

In this opinion the other justices concurred.

* This appeal was originally argued before a panel of this court consisting of Chief Justice Robinson, and Justices Palmer, McDonald, Mullins, Kahn, and Ecker. Thereafter, Justice Vertefeuille was added to the panel and has read the briefs and appendices, and listened to a recording of the oral argument prior to participating in this decision.

The listing of justices reflects their seniority status on this court as of the date of oral argument.

** May 21, 2021, the date that this decision was released as a slip opinion, is the operative date for all substantive and procedural purposes.

[1] General Statutes § 4-181a (a) provides: "(1) Unless otherwise provided by law, a party in a contested case may, within fifteen days after the personal delivery or mailing of the final decision, file with the agency a petition for reconsideration of the decision on the ground that: (A) An error of fact or law should be corrected; (B) new evidence has been discovered which materially affects the merits of the case and which for good reasons was not presented in the agency proceeding; or (C) other good cause for reconsideration has been shown. Within twenty-five days of the filing of the petition, the agency shall decide whether to reconsider the final decision. The failure of the agency to make that determination within twenty-five days of such filing shall constitute a denial of the petition.

"(2) Within forty days of the personal delivery or mailing of the final decision, the agency, regardless of whether a petition for reconsideration has been filed, may decide to reconsider the final decision.

"(3) If the agency decides to reconsider a final decision, pursuant to subdivision (1) or (2) of this subsection, the agency shall proceed in a reasonable time to conduct such additional proceedings as may be necessary to render a decision modifying, affirming or reversing the final decision, provided such decision made after reconsideration shall be rendered not later than ninety days following the date on which the agency decides to reconsider the final decision. If the agency fails to render such decision made after reconsideration within such ninety-day period, the original final decision shall remain the final decision in the contested case for purposes of any appeal under the provisions of section 4-183.

"(4) Except as otherwise provided in subdivision (3) of this subsection, an agency decision made after reconsideration pursuant to this subsection shall become the final decision in the contested case in lieu of the original final decision for purposes of any appeal under the provisions of section 4-183, including, but not limited to, an appeal of (A) any issue decided by the agency in its original final decision that was not the subject of any petition for reconsideration or the agency's decision made after reconsideration, (B) any issue as to which reconsideration was requested but not granted, and (C) any issue that was reconsidered but not modified by the agency from the determination of such issue in the original final decision."

[2] General Statutes § 4-183 provides in relevant part: "(a) A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision may appeal to the Superior Court as provided in this section. The filing of a petition for reconsideration is not a prerequisite to the filing of such an appeal.

* * *

"(c) (1) Within forty-five days after mailing of the final decision under section 4-180 or, if there is no mailing, within forty-five days after personal delivery of the final decision under said section, or (2) within forty-five days after the agency denies a petition for reconsideration of the final decision pursuant to subdivision (1) of subsection (a) of section 4-181a, or (3) within

forty-five days after mailing of the final decision made after reconsideration pursuant to subdivisions (3) and (4) of subsection (a) of section 4-181a or, if there is no mailing, within forty-five days after personal delivery of the final decision made after reconsideration pursuant to said subdivisions, or (4) within forty-five days after the expiration of the ninety-day period required under subdivision (3) of subsection (a) of section 4-181a if the agency decides to reconsider the final decision and fails to render a decision made after reconsideration within such period, whichever is applicable and is later, a person appealing as provided in this section shall serve a copy of the appeal [as set forth hereinafter] . . . .''

[3] The plaintiffs appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

[4] All dates referenced hereinafter also fall within the 2018 calendar year.

[5] Sampson and Markley were ordered to pay civil fines of $5000 and $2000, respectively.

[6] There is nothing in the record to suggest either that the plaintiffs attended the March 23 meeting or that they were aware of what had transpired at the meeting beyond the information contained in the notice of March 28.

[7] We note that the trial court observed that the plaintiffs' administrative appeal "raises, inter alia, significant issues concerning the intersection between the free speech rights of political candidates and the regulation of campaign financing." In light of its conclusion that it lacked subject matter jurisdiction over the appeal, however, the trial court expressed no opinion with respect to the merits of the plaintiffs' claims. We, also, express no view regarding those claims, which will be addressed by the trial court in accordance with our remand of the case to that court.

[8] Following oral argument, we granted the commission's motion for permission to supplement the record with a transcript of the portion of its March 23 special meeting pertaining to the plaintiffs' matter.

[9] We note, preliminarily, that, as the commission points out, the plaintiffs did not make this specific argument in the trial court, and, accordingly, that court never had the opportunity to consider it. The failure of the plaintiffs to do so, however, does not prevent us from addressing it on appeal because, ordinarily, we will decline to address only a *claim* that is raised for the first time on appeal. As we recently have reiterated, a "claim is an entirely new legal issue, whereas, [g]enerally speaking, an argument is a point or line of reasoning made in support of or in opposition to a particular claim." (Internal quotation marks omitted.) *Jobe* v. *Commissioner of Correction*, 334 Conn. 636, 644 n.2, 224 A.3d 147 (2020). Because "[o]ur rules of preservation apply to claims . . . [and not] to legal arguments . . . [w]e may . . . review legal arguments that differ from those raised below if they are subsumed within or intertwined with arguments related to the legal claim before the court." (Internal quotation marks omitted.) Id. Insofar as the plaintiffs' argument supports their *claim* in the trial court that that court had subject matter jurisdiction over their administrative appeal, this requirement is satisfied. In addition, the fact that the argument bears on the court's jurisdiction is a factor that militates in favor of considering the argument, even though it was not raised in the trial court. Although it is regrettable that the plaintiffs' failure to raise the argument in the trial court deprived that court of the opportunity to address it, we do not believe that that fact alone is determinative of our decision whether to consider it on appeal.

A closer question—and one that the commission also would have us answer in the negative—is whether the plaintiffs have made this argument with sufficient clarity before this court. Although the commission did not address the argument in its brief to this court because it did not understand the plaintiffs' brief as having raised the argument, the commission did expressly address the argument in its motion to supplement the record with a partial transcript of its March 23 meeting. See footnote 8 of this opinion. Indeed, as the commission explained in its motion, it was seeking to supplement the record with that transcript excerpt because the argument at issue was the subject of discussion by several justices at oral argument before this court, and, although opposing this court's consideration of the argument, the commission asserted that the transcript excerpt was relevant to the argument in the event we elected to address it. Upon review of the parties' briefs and consideration of all relevant circumstances, including, the fact that the commission addressed the argument in its motion, we are persuaded to consider it.

Finally, the plaintiffs make several other arguments in support of their claim that the judgment of the trial court should be reversed. In light of

our determination that the plaintiffs' appeal was timely under § 4-181a (a) (2), we do not address those additional arguments.

[10] The transcript of the commission's special meeting on March 23 indicates that the commission simply voted to deny the petition. There is no suggestion that the commission undertook to reconsider the earlier denial of the petition by operation of law, of which it apparently was unaware.

[11] It bears emphasis that, although the action of the commission was misleading, there is nothing in the record to suggest that the commission intended to mislead the plaintiffs or anyone else; it is apparent, rather, that the action was taken in error.

[12] Indeed, we acknowledge, as we occasionally have in the past, that the present case, because of its truly sui generis factual circumstances, lacks any real precedential value. See, e.g., *Rosato* v. *Rosato*, 255 Conn. 412, 425, 766 A.2d 429 (2001) ("[w]e recognize that this unique case provides very little precedential value, and we hope not to see another of its kind again").