******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

HIGH WATCH RECOVERY CENTER, INC. *v.*
DEPARTMENT OF PUBLIC
HEALTH ET AL.
(SC 20666)

Robinson, C. J., and McDonald, D'Auria,
Ecker and Alexander, Js.

*Syllabus*

Pursuant to the Uniform Administrative Procedure Act (UAPA) (§ 4-166 et seq.), only an agency's final decision in a contested case is appealable to the Superior Court.

Pursuant further to the UAPA (§ 4-166 (4)), a "contested case" is "a proceeding . . . in which the legal rights, duties or privileges of a party are required by state statute or regulation to be determined by an agency after an opportunity for hearing or in which a hearing is in fact held . . . ."

The plaintiff, a nonprofit substance abuse treatment facility in Kent, appealed to the Superior Court from the decision of the named defendant, the Department of Public Health, which approved the application of the defendant B Co. for a certificate of need to establish another substance abuse treatment facility in Kent. In 2017, B Co. submitted its application to the Office of Health Care Access (OHCA). Thereafter, the OHCA sent a letter to B Co. notifying it that a public hearing on its application would be held on a certain date. The letter stated that a mandatory hearing would be held pursuant to statute ((Rev. to 2017) § 19a-639a (e)) if, after the hearing notice was published in a newspaper, the OCHA received a properly filed request for a hearing from the requisite number of members of the public. The letter further stated that the hearing notice was being issued pursuant to § 19a-639a (f) (2), which provides that the OHCA "may" hold a public hearing with respect to any certificate of need application. Included with the letter was a copy of the hearing notice, which advised the public that any person who wished to request status in the public hearing could do so by filing a written petition. Prior to the scheduled hearing, the plaintiff filed a notice of appearance with the OHCA and submitted a petition requesting to be designated as an intervenor with full procedural rights to oppose B Co.'s application, including the opportunity to call witnesses, to present evidence, and to cross-examine B Co.'s witnesses. The OHCA granted the plaintiff's request for intervenor status. At the outset of the public hearing, the hearing officer stated that the hearing would be conducted as a contested case. Subsequently, B Co. and the department entered into a settlement agreement, constituting a final order, in which B Co.'s application was approved subject to certain conditions. On appeal to the Superior Court, the plaintiff claimed that the department had abused its discretion when it approved B Co.'s application. The trial court rendered judgment dismissing the plaintiff's appeal, concluding that the department's approval was not a final decision in a contested case and, therefore, that the court did not have subject matter jurisdiction to consider the plaintiff's administrative appeal. The plaintiff appealed to the Appellate Court, which affirmed the trial court's judgment. The Appellate Court concluded that the public hearing on B Co.'s application was discretionary rather than mandatory because the OHCA's letter to B Co. stated that the hearing notice was being issued pursuant to § 19a-639a (f) (2), which provides that the OHCA may hold a hearing but does not require it to do so, and that the mere opportunity for a hearing, coupled with the holding of a hearing, in the absence of a specific statute or regulation under which the hearing was required to be held, was insufficient to constitute a contested case. The Appellate Court also concluded that the plaintiff's petition requesting intervenor status in the public hearing was insufficient to convert the hearing into a mandatory hearing. The Appellate Court reasoned that the petition requesting intervenor status did not expressly request a hearing or reference § 19a-639a (e), which requires the OHCA to hold a public hearing if, inter alia, an individual

representing an entity with five or more people submits a written request for a hearing. Rather, the plaintiff's petition requested intervenor status in a hearing that had already been scheduled, and it did not expressly state that the plaintiff was an entity with five or more people and, thus, that it satisfied the numerical requirements of § 19a-639a (e). On the granting of certification, the plaintiff appealed to this court.

*Held* that the Appellate Court incorrectly concluded that the plaintiff's petition requesting intervenor status in the public hearing on B Co.'s certificate of need application was not a legally sufficient request for a public hearing for purposes of § 19a-639a (e), and, accordingly, the department's decision to approve B Co.'s application was a final decision in a contested case:

Contrary to the defendants' contention that, to satisfy § 19a-639a (e), the plaintiff was required to expressly state in its petition to intervene that it was an entity with five or more people, that statute does not impose such a requirement but merely provides that an entity must be an entity with five or more people to be entitled to a hearing, and it was undisputed that the plaintiff satisfied that numerical requirement and that the OHCA was fully aware of that fact.

Moreover, the plaintiff's petition to intervene was a written request for a public hearing within the meaning of § 19a-639a (e) because, although it did not expressly request a public hearing, it clearly requested that the plaintiff be afforded an opportunity to call witnesses, to present evidence, and to cross-examine B Co.'s witnesses, which, unmistakably, is a request to participate in a hearing and, of necessity, involves conduct that can occur only at a hearing, and, in the absence of express language in § 19a-639a (e) mandating that the request for a hearing take a particular form or include certain talismanic language, this court declined to read any such requirement into the statute.

Furthermore, given the undisputed fact that the OHCA had already scheduled a public hearing on B Co.'s application, this court discerned no ambiguity with respect to the plaintiff's request because, when the OHCA has already scheduled a public hearing, it is only logical that a party wanting to oppose the application would request intervenor status in that hearing, not request another or a different hearing, and that was precisely what the public notice instructed the plaintiff to do if it wanted to be heard on the plaintiff's application.

Argued November 22, 2022—officially released July 25, 2023

*Procedural History*

Appeal by the plaintiff from the decision of the named defendant approving the application of the defendant Birch Hill Recovery Center, LLC, for a certificate of need to establish a substance abuse treatment facility, brought to the Superior Court in the judicial district of Litchfield and transferred to the judicial district of New Britain, where the court, *Hon. Henry S. Cohn*, judge trial referee, granted the defendants' motions to dismiss and, exercising the powers of the Superior Court, rendered judgment dismissing the appeal, from which the plaintiff appealed to the Appellate Court, *Bright, C. J.*, and *Moll* and *Harper, Js.*, which affirmed the trial court's judgment, and the plaintiff, on the granting of certification, appealed to this court. *Reversed; further proceedings*.

*Proloy K. Das*, with whom, on the brief, were *Paul E. Knag* and *Emily McDonough Souza*, for the appellant (plaintiff).

*Rosemary M. McGovern*, assistant attorney general, with whom, on the brief, were *William Tong*, attorney general, *Clare Kindall*, former solicitor general, and

*Kerry Anne Colson*, assistant attorney general, for the appellees (named defendant et al.).

*Jeffrey J. Mirman*, with whom, on the brief, was *Alexa T. Millinger*, for the appellee (defendant Birch Hill Recovery Center, LLC).

*Opinion*

ALEXANDER, J. Under the Uniform Administrative Procedure Act (UAPA), General Statutes § 4-166 et seq., only a final decision in a contested case is appealable to the Superior Court. See General Statutes §§ 4-166 (4) and (5) and 4-183 (a). The plaintiff, High Watch Recovery Center, Inc., brought an administrative appeal to the Superior Court, challenging the decision of the named defendant, the Department of Public Health (department), approving a certificate of need application submitted by the defendant Birch Hill Recovery Center, LLC (Birch Hill).[1] The trial court dismissed the appeal for lack of subject matter jurisdiction, and the Appellate Court affirmed the trial court's judgment. *High Watch Recovery Center, Inc.* v. *Dept. of Public Health*, 207 Conn. App. 397, 422, 263 A.3d 935 (2021). In this certified appeal,[2] the plaintiff claims that the Appellate Court incorrectly concluded that the department's decision was not a final decision in a contested case and, therefore, that the trial court lacked subject matter jurisdiction over the appeal. We agree and reverse the judgment of the Appellate Court.

The following facts and procedural history are relevant to our resolution of this appeal. The plaintiff is a nonprofit substance abuse treatment facility located in Kent. On September 20, 2017, Birch Hill, a limited liability company formed in 2017, submitted a certificate of need application to the Office of Health Care Access (OHCA), pursuant to General Statutes (Rev. to 2017) § 19a-638 (a) (1),[3] requesting approval to establish a substance abuse treatment facility in Kent. On March 1, 2018, the OHCA notified Birch Hill that it deemed its application complete pursuant to General Statutes (Rev. to 2017) § 19a-639a (d).[4] In a letter dated March 6, 2018, the OHCA notified Birch Hill that a public hearing on the application would be held on March 28, 2018. The letter stated that, "[p]ursuant to . . . § 19a-639a (e),[5] [the] OHCA shall hold a hearing upon receiving a properly filed request from the requisite number of members of the public." (Footnote added.) The letter further stated that the "hearing notice [was] being issued pursuant to . . . § 19a-639a (f) (2)[6] . . . ." (Footnote added.) The letter included a copy of the hearing notice and stated that the notice would be published in the Waterbury Republican-American on March 8, 2018. The published notice advised the public that "[a]ny person who wishe[d] to request status in the . . . public hearing may file a written petition no later than March 23, 2018 . . . pursuant to [§§ 19a-9-26 and 19a-9-27 of] the Regulations of Connecticut State Agencies . . . . If the request for status is granted, such person shall be designated as a [p]arty, an [i]ntervenor or an [i]nformal [p]articipant in the . . . proceeding."

On March 22, 2018, the plaintiff filed a notice of appearance with the OHCA and submitted a petition requesting

designation as an intervenor pursuant to General Statutes § 4-177a and § 19a-9-27 of the Regulations of Connecticut State Agencies. The plaintiff's petition requested "full procedural rights, so that the [plaintiff] may present its opposition to [Birch Hill's] [a]pplication . . . ." The petition further stated that the plaintiff wished "to present oral and written testimony and evidence establishing grounds for [the] denial of [Birch Hill's] [a]pplication. The [plaintiff] will provide testimony as to how: (1) the [a]pplicant has failed to establish a clear public need for the [f]acility; (2) the proposed [f]acility will have a significant and detrimental impact on existing residential substance use disorder treatment facilities located in Connecticut including, the [plaintiff's] facility; and (3) the proposed [a]pplication will not be in the best interests of the [statewide] health care delivery system. The [plaintiff's] participation in the hearing with full procedural rights will assist [the] OHCA in resolving the issues of the pending contested case, will be in the interest of justice, and will not impair the orderly conduct of the proceedings." Additionally, the plaintiff requested "the right to cross-examine the [a]pplicant and any of its witnesses, experts or other persons submitting oral or written testimony in support of [Birch Hill's] [a]pplication at the hearing to commence on March 28, 2018, at [10] a.m." The plaintiff's petition further stated that "this is a disputed [a]pplication, such that cross-examination will help clarify the pertinent issues and will assist in bringing out all the facts so as to provide for a fully informed decision on the [a]pplication."

On March 23, 2018, the OHCA granted the plaintiff's request to intervene pursuant to § 4-177a[7] and directed the plaintiff to submit prefiled testimony by March 26, 2018. At the outset of the March 28, 2018 public hearing, the hearing officer stated that the hearing was "being held pursuant to . . . [§] 19a-639a and [would] be conducted as a contested case in accordance with the provisions of chapter 54 of the . . . General Statutes." On May 10, 2018, the OHCA held a second public hearing on the application before a different hearing officer. On November 6, 2018, in a proposed final decision, the hearing officer recommended that Birch Hill's application be denied. Birch Hill thereafter filed a brief in opposition to the proposed final decision and requested oral argument. In March, 2019, after oral argument was conducted and briefs were filed, Birch Hill and the department entered an agreed settlement, constituting a final order, in which Birch Hill's application was approved subject to the specific conditions set forth in the agreement. The plaintiff appealed from the department's final order to the Superior Court pursuant to § 4-183 (a) and General Statutes § 19a-641,[8] claiming that the department had abused its discretion in approving Birch Hill's application. The defendants filed motions to dismiss the appeal for lack of subject matter

jurisdiction on the grounds that the department's decision was not a final decision in a contested case and that the plaintiff was not aggrieved by the decision.

The Appellate Court accurately summarized the trial court's decision as follows: "The [trial] court considered only the defendants' first ground for dismissal, namely, that there was no final decision in a contested case from which the plaintiff could appeal, and granted the defendants' motions to dismiss. In so ruling, the court . . . reasoned that the hearing was held pursuant to § 19a-639a (f) (2), as provided in the hearing notice sent by the OHCA, and that statutory provision does not mandate a hearing but, rather, leaves the decision of whether to hold a hearing to the discretion of the administrative agency. The court also noted that the hearing notice stated that § 19a-639a (e) permitted an appropriate request [for a hearing] to be filed, and noted that, '[u]nder § 19a-639a (e), a written request for a hearing would have to be filed by three or more individuals or by an individual representing an entity with five or more people,' which would convert the discretionary hearing under § 19a-639a (f) (2) into a mandatory hearing. The court underscored the fact that the plaintiff's [petition] did not state that the plaintiff 'was one of three individuals or that the individual [attorney] was representing an entity with five or more people.' The court further observed that the plaintiff's [petition] requesting intervenor status made no reference to § 19a-639a (e) but focused only on asserting its intervenor status for the impending public hearing. Additionally, [the court noted that] the plaintiff's [petition] did not request that the already scheduled public hearing be converted into a mandatory hearing. . . . Thus, because the court concluded that the hearing was not a contested case under § 4-166 (4) of the UAPA, it determined that there was no final decision, as required by § 4-183 (a). Accordingly, the court concluded that it did not have subject matter jurisdiction to consider the plaintiff's administrative appeal." *High Watch Recovery Center, Inc.* v. *Dept. of Public Health*, supra, 207 Conn. App. 406–407.

The Appellate Court affirmed the trial court's judgment. Id., 422. Like the trial court, the Appellate Court concluded that the hearing held by the OHCA was discretionary, not mandatory, because the OHCA's March 6, 2018 letter to Birch Hill stated that the hearing notice that would be published in the Waterbury Republican-American on March 8, 2018, "was being issued pursuant to § 19a-639a (f) (2)." Id., 416. The Appellate Court noted that, although § 19a-639a (f) (2) provides that the OHCA "may hold a public hearing with respect to any certificate of need application," it does not require it to do so. *High Watch Recovery Center, Inc.* v. *Dept. of Public Health*, supra, 207 Conn. App. 416. The Appellate Court then explained that, in *Summit Hydropower Partnership* v. *Commissioner of Environmental Protection*, 226 Conn. 792, 800–801, 629 A.2d 367 (1993), this court

construed § 4-166 (4) "as manifesting a legislative intention to limit contested case status to proceedings in which an agency is required by statute to provide an opportunity for a hearing to determine a party's legal rights or privileges. . . . If a hearing is not statutorily mandated, even if one is gratuitously held, a contested case is not created. . . . Accordingly, if the [hearing officer] conducted the hearing gratuitously and not pursuant to a statutory entitlement to a hearing, the mere fact of the existence of the hearing, alone, would not entitle the applicant to an appeal." (Internal quotation marks omitted.) *High Watch Recovery Center, Inc.* v. *Dept. of Public Health*, supra, 411.

The Appellate Court also agreed with the trial court that the plaintiff's petition requesting intervenor status in the March 28, 2018 hearing was insufficient to convert the hearing into a mandatory hearing under § 19a-639a (e). Id., 421–22. In support of its determination, the Appellate Court cited the fact that the petition did not expressly request a hearing or reference § 19a-639a (e) but merely requested intervenor status in the public hearing that had already been scheduled. Id., 418. The Appellate Court similarly relied on the fact that the petition did not expressly state that the plaintiff was an entity with five or more people and, thus, that it satisfied the "numerical requirements under § 19a-639a (e)"; id., 419; noting that the petition "merely provided a description of the [plaintiff's] facility . . . and the reasons [the plaintiff] should be granted intervenor status . . . ." Id., 420.

On appeal, the plaintiff claims that the Appellate Court incorrectly determined that the plaintiff's petition requesting intervenor status was inadequate to confer contested case status on the March 28, 2018 public hearing. The plaintiff contends that, under § 19a-639a (e), the OHCA is required to hold a public hearing on a certificate of need application if an entity like the plaintiff—with five or more people—requests, in writing, that such a hearing be held. The plaintiff further contends that the statute does not specify what form the request for a hearing must take but, rather, simply provides that the OHCA "shall hold a public hearing on a properly filed and completed certificate of need application if . . . an individual representing an entity with five or more people submits a request, in writing, that a public hearing be held on the application." General Statutes (Rev. to 2017) § 19a-639a (e). The plaintiff argues that, when, as in the present case, the OHCA has already scheduled a public hearing on a certificate of need application when it notifies the public that the application is complete, it is redundant and nonsensical to require people who want to oppose the application to request a public hearing on it because the hearing in which they seek to intervene has already been designated as a public hearing. The plaintiff further argues that, in such circumstances, it should be enough for

people simply to request, in writing, to be heard at the public hearing that has already been scheduled and that, to conclude otherwise, is to elevate form over substance and is contrary to the law's strong presumption in favor of jurisdiction. We agree with the plaintiff.

"We have long held that because [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our review is plenary." (Internal quotation marks omitted.) *Markley* v. *State Elections Enforcement Commission*, 339 Conn. 96, 106, 259 A.3d 1064 (2021). "Furthermore, [a] brief overview of the statutory scheme that governs administrative appeals [under the UAPA] . . . is necessary to our resolution of this issue. There is no absolute right of appeal to the courts from a decision of an administrative agency. . . . Appeals to the courts from administrative [agencies] exist only under statutory authority . . . . Appellate jurisdiction is derived from the . . . statutory provisions by which it is created, and can be acquired and exercised only in the manner prescribed." (Internal quotation marks omitted.) Id.

Section § 4-183 (a) provides in relevant part that "[a] person who has exhausted all administrative remedies available . . . and who is aggrieved by a final decision may appeal to the Superior Court . . . ." Section 4-166 (5) (A) defines "final decision" as "the agency determination in a contested case . . . ." A "contested case," in turn, is defined as "a proceeding . . . in which the legal rights, duties or privileges of a party are required by state statute or regulation to be determined by an agency after an opportunity for hearing or in which a hearing is in fact held . . . ." General Statutes § 4-166 (4). "The test for determining contested case status [is] . . . well established and requires an inquiry into three criteria, to wit: (1) whether a legal right, duty or privilege is at issue, (2) and is statutorily [or regulatorily] required to be determined by the agency, (3) through an opportunity for hearing or in which a hearing is in fact held." (Internal quotation marks omitted.) *Ferguson Mechanical Co.* v. *Dept. of Public Works*, 282 Conn. 764, 772, 924 A.2d 846 (2007). "The legislature has the primary and continuing role in deciding which class of proceedings should enjoy the full panoply of procedural protections afforded by the UAPA to contested cases, including the right to appellate review by the judiciary. Deciding which class of cases qualifies for contested case status reflects an important matter of public policy and the primary responsibility for formulating public policy must remain with the legislature." (Internal quotation marks omitted.) Id., 777–78.

In *Summit Hydropower Partnership* v. *Commissioner of Environmental Protection*, supra, 226 Conn. 792, this court held that a contested case did not arise when a state agency was not required to hold a hearing by statute but nevertheless convened one gratuitously.

Id., 811–12. We further concluded that "contested case status [is limited] to proceedings in which an agency is *required by statute* to provide an opportunity for a hearing to determine a party's legal rights or privileges." (Emphasis in original.) Id., 811; see also, e.g., *Ferguson Mechanical Co.* v. *Dept. of Public Works*, supra, 282 Conn. 772 ("[w]e have determined that even in a case [in which] a hearing is in fact held, in order to constitute a contested case, a party to that hearing must have enjoyed a statutory [or regulatory] right to have his legal rights, duties or privileges determined by that agency holding the hearing" (internal quotation marks omitted)); *Peters* v. *Dept. of Social Services*, 273 Conn. 434, 443, 870 A.2d 448 (2005) (same). "To ascertain whether a statute requires an agency to determine the legal rights, privileges or duties of a party, [courts] need to examine all the statutory provisions that govern the activities of the particular agency or agencies in question." (Internal quotation marks omitted.) *Peters* v. *Dept. of Social Services*, supra, 445.

Section 19a-639a (e) requires that the OHCA hold a public hearing on a certificate of need application "if three or more individuals or an individual representing an entity with five or more people submits a request, in writing, that a public hearing be held on the application." Accordingly, whether the hearing conducted by the OHCA in the present matter was a contested case hearing for purposes of conferring a right to appeal on the plaintiff turns on (1) whether the plaintiff is an entity with five or more people, and (2) whether the plaintiff requested, in writing, a public hearing on the application.[9] We address each issue in turn and conclude that both conditions were satisfied in this case.

Although the plaintiff's counsel did not expressly state in the petition to intervene that the plaintiff was an entity with five or more people, § 19a-639a (e) does not provide that an entity must expressly declare itself to be such to confer contested case status on the proceeding; it merely provides that the entity must *be* an entity with five or more people to be entitled to a hearing. In the present case, the defendants do not dispute that the plaintiff is such an entity but argue that the plaintiff was required to expressly identify itself as such in its petition to satisfy § 19a-639a (e). We do not read the statute as imposing such a requirement any more than we read it as requiring that the three or more individuals who also may request a hearing expressly declare themselves "individuals" in their respective petitions. Here, there is no question that the OHCA knew that the plaintiff, which is licensed and regulated by the department, was an entity with five or more people within the meaning of § 19a-639a (e). The plaintiff stated in its petition that it is "licensed by the [department] to . . . treat substance abusive or dependent persons," which, under the department's regulations, would require the plaintiff to employ at least five

or more people. See, e.g., Regs., Conn. State Agencies § 19a-495-570 (g) (1) (requiring appointment of executive director for licensure); id., § 19a-495-570 (m) (7) (A) through (D) (outlining facility staffing requirements for licensure, including, clinical supervisors, direct care staff, and emergency backup staff); see also id., § 19a-495-570 (c) (3) (A) (vii) (requiring names and titles of staff to be included in license application). Indeed, it is undisputed in the record that the plaintiff was licensed by the department as a seventy-eight bed, substance abuse treatment facility at the time that it requested intervenor status, further evidencing that the OHCA was fully aware of this fact when it granted the plaintiff's request to intervene.[10] In light of the foregoing, we conclude that the plaintiff has satisfied the first condition for contested case status.

We next address whether the plaintiff requested, in writing, a public hearing on Birch Hill's application. Under the statutory scheme, it is not always the case that the OHCA will conduct a hearing on a certificate of need application. Although the OHCA has discretion to hold a hearing under § 19a-639a (f) (2); see footnote 6 of this opinion; it is only when three or more individuals, or an individual representing an entity with five or more people, request a hearing that the OHCA is obliged to hold one.[11] See General Statues (Rev. to 2017) § 19a-639a (e). The way the statutory scheme operates is that, once a certificate of need application has been completed, the OHCA must provide notice of this determination to the applicant and to the public by posting notice of the completed application on its website and by sending notice to the applicant via first class mail, facsimile, or email that its application is complete. See General Statutes (Rev. to 2017) § 19a-639a (d); Regs., Conn. State Agencies § 19a-639a-5 (a). The OHCA then has ninety days from the date on which it posts such notice on its website to issue a decision on the application. See General Statutes (Rev. to 2017) § 19a-639a (d). Pursuant to § 19a-639a (f) (2), the OHCA has the discretion to hold a gratuitous (i.e., not mandated by statute) public hearing on the application but must "provide not less than two weeks' advance notice to the applicant, in writing, and to the public by publication in a newspaper having a substantial circulation in the area served by the health care facility or provider." Under § 19a-639a (e), three or more individuals or an individual representing an entity with five or more people have thirty days from the time notice of the completed application is posted on the OHCA's website to request, in writing, a public hearing on the application. Once such a request is received, the OHCA is required to hold a public hearing, and the proceeding is considered a contested case for purposes of appeal.

In its letter notifying Birch Hill that a public hearing on its application was scheduled for March 28, 2018, the OHCA indicated that a mandatory hearing would

be held pursuant to § 19a-639a (e) if, after the hearing notice was published, the requisite response was received from the public. The notice that was published in the Waterbury Republican-American invited individuals who wished to be heard on the application to file a "written petition" requesting "status" in the hearing no later than "[five] calendar days before the date of the hearing . . . ." It further provided that, "[i]f the request for status is granted, such person shall be designated as a [p]arty, an [i]ntervenor or an [i]nformal [p]articipant in the . . . proceeding." Thereafter, the OHCA granted the plaintiff's written petition to intervene with "full procedural rights" to oppose the application. Several days later, at the commencement of the public hearing, the hearing officer announced that the hearing would be "conducted as a contested case . . . ." For the reasons that follow, we conclude that, under the circumstances, the plaintiff's petition to intervene was a written request for a public hearing within the meaning of § 19a-639a (e).

Although the petition did not expressly request a public hearing, it clearly requested an opportunity to call witnesses, to present evidence, and to cross-examine Birch Hill's witnesses—which, unmistakably, is a request to participate in a hearing and, of necessity, involves conduct that can occur only at a hearing. See Ballentine's Law Dictionary (3d Ed. 1969) p. 553 (defining "hearing" in relevant part as "[t]he presentation of a case or defense before an administrative agency, with opportunity to introduce evidence in chief and on rebuttal, and to cross-examine witnesses, as may be required for a full and true disclosure of the facts"); see also *Herman* v. *Division of Special Revenue*, 193 Conn. 379, 386, 477 A.2d 119 (1984) ("the characteristic elements of a hearing [include] evidence [being] presented, witnesses [being] heard, and testimony [being] taken in an adversarial setting"); *Rybinski* v. *State Employees' Retirement Commission*, 173 Conn. 462, 470, 378 A.2d 547 (1977) ("[o]ur cases consistently recognize the generally adversarial nature of a proceeding considered a 'hearing,' in which witnesses are heard and testimony is taken"). In the absence of express language in § 19a-639a (e) mandating that the request for a hearing take a particular form or include certain talismanic language, we will not read any such requirement into the statute. See *Marchesi* v. *Board of Selectmen*, 328 Conn. 615, 632, 181 A.3d 531 (2018) ("this court repeatedly has eschewed applying the law in such a hypertechnical manner so as to elevate form over substance" (internal quotation marks omitted)); *Fedus* v. *Planning & Zoning Commission*, 278 Conn. 751, 779, 900 A.2d 1 (2006) (relying on "strong presumption of jurisdiction" in concluding that statutory requirements for bringing administrative appeal, even though cast in mandatory terms, were not jurisdictional); see also *Republican Party of Connecticut* v. *Merrill*, 307 Conn. 470, 484–85, 55 A.3d

251 (2012) (letter constituted request for declaratory ruling when, despite not being expressly characterized as request for hearing, it met all substantive requirements); *Cannata* v. *Dept. of Environmental Protection*, 239 Conn. 124, 133–34, 680 A.2d 1329 (1996) (letter to agency not specifically describing itself as "a petition for a declaratory ruling . . . was in essence, and unmistakably, just such a petition" (internal quotation marks omitted)). We can discern no ambiguity in the request on this point given the undisputed fact that the OHCA had already scheduled and announced that it was holding a public hearing on Birch Hill's application.

To be sure, if the OHCA had not already scheduled a public hearing on Birch Hill's application, then the plaintiff would have had to request one, in writing, to be heard on the application and to ensure judicial review of the department's decision. We agree with the plaintiff, however, that, when, as in the present case, the OHCA has already scheduled a public hearing, it is only logical that a party wanting to oppose the application would request intervenor status in *that* hearing, not request another or a different hearing. This is precisely what the public notice instructed the plaintiff to do if it wanted to be heard on the application—file a petition requesting status in the March 28, 2018 hearing. In light of the foregoing, we conclude that the Appellate Court incorrectly determined that the plaintiff's petition requesting intervenor status in the public hearing on Birch Hill's certificate of need application was not a legally sufficient request for a public hearing for purposes of § 19a-639a (e).

The judgment of the Appellate Court is reversed and the case is remanded to that court with direction to reverse the judgment of the trial court and to remand the case to that court for further proceedings according to law.[12]

In this opinion the other justices concurred.

[1] The Office of Health Strategy (OHS), an office within the department, was also named as a defendant in this administrative appeal because legislation enacted in 2018 placed all certificate of need decisions under the purview of the OHS's executive director. See Public Acts 2018, No. 18-91, § 15. Pursuant to General Statutes § 19a-612d (b), however, the deputy commissioner of the department retained "independent decision-making authority" on all certificate of need applications deemed completed by the Office of Health Care Access on or before May 14, 2018. In this opinion, we refer to the department, OHS, and Birch Hill collectively as the defendants and individually by name when appropriate.

[2] We granted the plaintiff's petition for certification to appeal, limited to the following issues: (1) "Did the Appellate Court properly follow this court's decisions in *Middlebury* v. *Dept. of Environmental Protection*, 283 Conn. 156, 927 A.2d 793 (2007), and *Summit Hydropower Partnership* v. *Commissioner of Environmental Protection*, 226 Conn. 792, 629 A.2d 367 (1993), in concluding that a certificate of need hearing conducted by the [department] pursuant to General Statutes § 19a-639a (f) (2) was not a 'contested case,' as defined by the [UAPA] . . . ?" And (2) "[i]f the answer to the first certified question is 'yes,' did the Appellate Court correctly conclude that the plaintiff's letter requesting that it be granted intervenor status in a certificate of need hearing that had been scheduled and noticed pursuant to . . . § 19a-639a (f) was not a legally sufficient request for a public hearing pursuant to subsection (e) of that statute?" *High Watch Recovery Center, Inc.* v. *Dept.*

*of Public Health*, 340 Conn. 913, 913–14, 266 A.3d 146 (2021). Because we conclude that the Appellate Court incorrectly concluded that the plaintiff's letter requesting intervenor status was not a legally sufficient request for a public hearing to confer contested case status on the proceedings, we need not address the first certified question.

[3] General Statutes (Rev. to 2017) § 19a-638 (a) provides in relevant part: "A certificate of need issued by the [OHCA] shall be required for: (1) The establishment of a new health care facility . . . ."

Hereinafter, all references to § 19a-638 in this opinion are to the 2017 revision of the statute.

[4] General Statutes (Rev. to 2017) § 19a-639a (d) provides in relevant part: "Upon determining that an application is complete, the [OHCA] shall provide notice of this determination to the applicant and to the public . . . . In addition, the [OHCA] shall post such notice on its Internet web site. The date on which the [OHCA] posts such notice on its Internet web site shall begin the review period. Except as provided in this subsection, (1) the review period for a completed application shall be ninety days from the date on which the [OHCA] posts such notice on its Internet web site; and (2) the [OHCA] shall issue a decision on a completed application prior to the expiration of the ninety-day review period. . . ."

Hereinafter, all references to § 19a-639a in this opinion are to the 2017 revision of the statute.

[5] General Statutes (Rev. to 2017) § 19a-639a (e) provides in relevant part: "[T]he office *shall* hold a public hearing on a properly filed and completed certificate of need application if three or more individuals or an individual representing an entity with five or more people submits a request, in writing, that a public hearing be held on the application. . . . Any request for a public hearing shall be made to the [OHCA] not later than thirty days after the date the [OHCA] determines the application to be complete." (Emphasis added.)

[6] General Statutes (Rev. to 2017) § 19a-639a (f) (2) provides in relevant part: "The [OHCA] may hold a public hearing with respect to any certificate of need application submitted under this chapter. The [OHCA] shall provide not less than two weeks' advance notice to the applicant, in writing, and to the public by publication in a newspaper having a substantial circulation in the area served by the health care facility or provider. . . ."

[7] Section 4-177a sets forth the procedural requirements for conferring intervenor status in contested cases.

[8] General Statutes § 4-183 (a) provides in relevant part: "A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision may appeal to the Superior Court as provided in this section. . . ."

General Statutes § 19a-641 provides in relevant part: "Any health care facility or institution and any state health care facility or institution aggrieved by any final decision of said unit under the provisions of sections 19a-630 to 19a-639e, inclusive, may appeal from such decision in accordance with the provisions of section 4-183 . . . ."

[9] The petition requesting intervenor status was submitted by the plaintiff's counsel on behalf of the plaintiff.

[10] Section 19a-639a (e) does not indicate which "five or more people" must be represented to meet the statutory requirement, e.g., employees or patients. The Appellate Court "assume[d], without deciding, that the plaintiff's contention that the numerical requirement would be satisfied if an individual filed a request to intervene on behalf of a health facility that had at least five of its beds occupied [was] correct." *High Watch Recovery Center, Inc.* v. *Dept. of Public Health*, supra, 207 Conn. App. 419 n.19. If the numerosity requirement was contested or the trial court had any question as to whether the plaintiff met the numerical requirements of § 19a-639a (e), it should have held an evidentiary hearing to decide this factual matter prior to granting the defendants' motions to dismiss, which it did not do. See, e.g., *Rocky Hill* v. *SecureCare Realty, LLC*, 315 Conn. 265, 278, 105 A.3d 857 (2015) ("[when] a jurisdictional determination is dependent on the resolution of a critical factual dispute, it cannot be decided on a motion to dismiss in the absence of an evidentiary hearing to establish jurisdictional facts" (internal quotation marks omitted)).

[11] Section § 19a-639a (f) (1), which also requires the OHCA to convene a public hearing, is not at issue in this case. See General Statutes (Rev. to 2017) § 19a-639a (f) (1) ("[t]he [OHCA] shall hold a public hearing with respect to each certificate of need application filed pursuant to section 19a-638 . . . that concerns any transfer of ownership involving a hospital").

[12] Because the trial court concluded that there was no final decision in a contested case from which the plaintiff could appeal, it did not consider the defendants' additional ground for dismissal, namely, that the plaintiff was not aggrieved by the department's decision. See *High Watch Recovery Center, Inc.* v. *Dept. of Public Health*, supra, 207 Conn. App. 407 n.13. On remand, the trial court will have to consider this alternative ground for dismissal offered by the defendants.